**WESTOR THEATRES, Inc., et al. v. WARNER BROS. PICTURES, Inc., et al.**

**Civil Action No. 801.**

District Court, D. New Jersey.

Oct. 30, 1941.

Edward R. McGlynn, of Newark, N. J., for plaintiffs.

Arthur T. Vanderbilt, of Newark, N. J., for defendants.

WALKER, District Judge.

No. 1: On Motion to Dismiss or in Lieu Thereof to Quash the Service of Process.

This is an action under the provisions of the Sherman and Clayton Acts,[1] for the purpose of recovering treble the amount of damages allegedly sustained and to enjoin certain alleged violations of the above named Acts.

Plaintiffs have attempted to serve twenty-eight of the forty-eight named defendants. Of the twenty-eight defendants upon whom a purported service was made, the following ten have filed separate motions to dismiss or in lieu thereof to quash service of process, with affidavits attached:

Warner Bros. Pictures, Inc.,

The Vitaphone Corporation

Movietonews, Inc.

Twentieth Century-Fox Distributing Corporation

Paramount News, Inc. (motion made on its behalf by the successor corporation, Paramount Pictures, Inc.)

Columbia Pictures Distributing Company, Inc. (motion made on its behalf by the successor corporation, Columbia Pictures Corporation.)

Pathe News, Inc.

Universal Corporation

Universal Pictures Company, Inc.

Motion Picture Producers & Distributors of America

These motions to quash have been made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, providing as follows: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that *the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process,* (6) failure to state a claim upon which relief can be granted. A motion making any of these defenses shall be made before pleading if a further pleading is permitted. *No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion.* If a pleading sets forth a claim for relief to which the adverse party is not required to serve a responsive pleading, he may assert at the trial any defense in law or fact to that claim for relief." (Italics ours)

[1] Title 15 U.S.C.A. § 1 et seq.

Subsequent to the filing of the above motions to quash, plaintiffs filed motions in opposition to each of the ten motions to quash. Plaintiffs' motions, except for the fact that each is addressed to one of the moving defendants, are identical, and are to the following effect:

At the time and place of the argument of the motions to quash, plaintiffs will apply for an order deferring the hearing and determination of the motion until the trial of the case on the ground that such trial will determine the issue of fact upon which the decision of the said motion would depend, to wit: the question of whether a conspiracy exists among this defendant and the other defendants pursuant to which the business is transacted in this jurisdiction.

If the foregoing motions are denied, plaintiffs will, at the same time and place, apply for an order directing the affiant-officers of the moving defendants to submit to cross-examination in reference to the subject matter of their affidavits and directing the taking of depositions of other employees of the defendant companies, the sole purpose of such cross-examination and depositions being to establish the existence of the conspiracy among this defendant and the other defendants in order to resist defendant's motion on the ground that this defendant, because of such conspiracy, is chargeable with the conduct of the other defendants in transacting business in this jurisdiction, and for that reason must be deemed to be transacting business in this jurisdiction.

The complaint charges the defendants with entering into contracts and combinations in restraint of trade, monopolizing the trade and conspiring among themselves to perpetuate violations of the Sherman and Clayton Acts.

Section 4 of the Clayton Act[2] provides: "Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee."

A similar provision is contained in Section 7 of the Sherman Act.

Section 12 of the Clayton Act[3] provides: "Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found."

Sections 4 of the Clayton Act and 7 of the Sherman Act give a person the right to seek three-fold the damages he has sustained, and Section 12 of the Clayton Act settles the venue and controls the issuing of process as to corporate defendants. The person seeking to exercise the right given by Sections 4 and 7, supra, can lay his venue in this district as to the corporate defendants, if they are inhabitants of or are to be found in or are transacting business in the State of New Jersey. The word "found" as used in said Sections 4, 7 and 12, means doing business in such manner and to such an extent that actual presence is established.[4]

The plaintiffs do not contend that the ten defendants who press the motion to dismiss the complaint or to quash the service of process are inhabitants of New Jersey, neither do they contend that they are to be "found" in New Jersey, but they do urge that they are transacting business in New Jersey, and can be sued in this state, because they conspired to perpetuate violations of the Sherman-Clayton Acts with defendants, who are inhabitants of New Jersey or who are to be found in New Jersey, and who have performed acts in furtherance of the common design and all are jointly and severally liable. Succinctly it is the theory that any act done by a conspirator in furtherance of the common design and in accordance with the general plan becomes the act of all and each conspirator is responsible for such act.

The plaintiffs realize that transacting business within this district is a jurisdic-

---

2 Title 15 U.S.C.A. § 15.

3 Title 15 U.S.C.A. § 22.

4 Haskell v. Aluminum Co. of America et al., D.C.Mass.1926, 14 F.2d 864; United States v. Aluminum Co. of America et al., D.C.N.Y. 1937, 20 F.Supp. 13. See: Venner v. Pennsylvania Steel Co. of New Jersey et al., D.C.N.J.1918, 250 F. 292; Hansen Packing Co. v. Armour & Co. et al., D.C.N.Y.1936, 16 F.Supp. 784.

tional requirement that must be supported by proof,[5] and they say the trial will establish whether or not a conspiracy exists, and as stated, they seek an order deferring the determination of these motions until the trial, or an order directing the affiant-officers of said corporations to submit to cross-examination in reference to the subject matter of their affidavits and directing the taking of depositions of other employees of the defendant companies. The sole purpose of such cross-examination and depositions is to establish the existence of the conspiracy among the defendants.

We can dispose of both of the aforesaid applications of the plaintiffs by assuming for the purposes of this memorandum that the said ten defendants conspired with the defendants who are inhabitants of or are found in this state, and that said alleged conspirators performed an act or acts in New Jersey, in furtherance of the common design and in accordance with the general plan to perpetuate alleged violations of the Sherman-Clayton Acts and proceed to the question: Did the said ten defendants, by reason of the assumed conspiracy and acts in furtherance of the common design and in accordance with the general plan, transact business in this district within the meaning of Section 12 of the Clayton Act?

Although the phrase "transacting business" has never been defined, one fundamental principle seems to be recognized. The acts done and which amount to transacting business must constitute some substantial part of the ordinary business of the corporation and must be continuous or at least of some duration. The courts in reaching decisions as to what shall constitute "ordinary business" and sufficient continuity to bring a corporation within the terms of a statute which imposes restrictions on the transaction of business by foreign corporations, are inclined to a narrow construction because severe penalties are frequently provided for non-compliance with the statutes which impose restrictions, but they have assigned a broad meaning to the term "ordinary business" and have adopted a narrow standard as to what volume of business transactions shall be necessary to bring it within the term "doing business" when a question of the sufficiency of process is raised. They have been influenced undoubtedly by the hardship which might result from a failure to uphold the jurisdiction, thus forcing a citizen of the state to resort to another sovereign.[6] Even though liberal construction is the rule in matters dealing with process, said liberal construction follows a very definite design that can be traced through cases passing upon activities involving borrowing money, building and construction, advertising investigation and adjustment of claims or differences, ownership, protection, development of property, relations with domestic corporations or associations, purchases and sales, soliciting business, stock transactions and transportation and incidents thereof,[7] all, it will be noted, deal with some phase of what is generally understood to be the ordinary business of corporations.

When Congress used the common words "transacts business" in Section 12,[8] it intended that they be taken in their ordinary significance.[9] "Transacts" therefore in its ordinary signification is to carry through, accomplish, execute, do, and "business" although it is a word of extensive use and indefinite signification, as commonly understood has a well defined meaning not employed in any abstract sense, but in a highly practical portraiture as having reference to an occupation for living or profit, and when one speaks of "business", the mind naturally contemplates a commercial or industrial establishment or enterprise,[10]

---

5 See: Hansen Packing Co. v. Armour & Co. et al., supra.

6 36 Harvard Law Review 327 at 328.

7 20 C.J.S., Corporations, § 1920.

8 Title 15 U.S.C.A. § 22.

9 It is a fundamental principle of statutory construction that common words are to be taken in their ordinary significance. De Ganay v. Lederer, 250 U.S. 376, 39 S.Ct. 524, 63 L.Ed. 1042; Brun v. Mann, 8 Cir., 151 F. 145, 12 L.R.A., N.S., 154; Westerlund v. Black Bear Mining Co., 8 Cir., 203 F. 599; Arthur v. G. W. Parsons Co., 6 Cir., 224 F. 47; United States v. Chesbrough, D.C.N.J. 1910, 176 F. 778; United States v. Graham & Irvine, D.C.Va.1917, 250 F. 499; Evening Journal Ass'n v. State Board of Assessors, 47 N.J.L. 36, 54 Am. Rep. 114; Storage Co. v. State Board of Assessors, 56 N.J.L. 389, 29 A. 160; Hackensack Trust Co. v. City of Hackensack, 116 N.J.L. 343, 184 A. 408; State Board of Medical Examiners v. Plager, 118 N.J.L. 434, 193 A. 698. See: Commissioner of Internal Revenue v. Tennessee Co., 3 Cir., 111 F.2d 678.

10 12 C.J.S., Business, p. 765.

and does not ordinarily entertain a conspiracy to perpetuate alleged violations of the Sherman-Clayton Acts.

The right which the said Acts give to a person to recover three-fold the damages he has sustained, is an unusual one, the remedy is drastic, and the Acts are to be strictly construed [11] and not to be enlarged by construction.[12]

The district court's jurisdiction is the creature of the Acts of Congress enacted in pursuance of the Constitution and apart from the powers inherent in a lawfully constituted judicial tribunal. It has no jurisdiction other than that legislatively conferred upon it,[13] and when the Congress in the statute in question, conferred jurisdiction upon this court, it did so as to defendants who were inhabitants of or are found in or are transacting business within the district, and the words "transacting business" are used in the ordinary significance in which said words are to be taken.

We also point out that the Congress in Section 5 of the Sherman Act [14] and Section 15 of the Clayton Act,[15] provided for bringing into court non-resident co-conspirators—exactly what plaintiffs have attempted to accomplish—that said sections are applicable only to suits instituted by the United States and the failure of the Congress to make similar provision for civil suits by private litigants implies an intent to withhold the privilege.[16]

The motion of the said ten defendants to quash the service of process upon them is granted.

The motion of the plaintiffs to defer or for examination and depositions is denied for the reasons hereinbefore stated.

No. 2: Notice of Motion to Dismiss the Complaint or in the Alternative to Strike Specific Paragraphs and Allegations.

Eighteen of the defendants [1] move to dismiss the complaint pursuant to Rule 12(b) of the Rules of Civil Procedure [2] or in the alternative to strike specific paragraphs and allegations pursuant to Rule 12 (f) of the Rules of Civil Procedure [3].

In determining the relevancy of any given allegation, reference must necessarily be made to some phase of the substantive law governing a cause of action under the Sherman and Clayton Acts.[4]

Without attempting at this time to analyze the full meaning of pertinent sections—how they change the common law of trade regulations, whether a restraint must be unreasonable in order to violate the act, whether the size of an enterprise is of itself significant in determining whether the act has been violated—one consideration, because of its importance in a complete understanding of the present case, must be emphasized. The activities condemned by the anti-trust law are contracts, combinations, or conspiracies in restraint of interstate trade or commerce. Such contracts, combinations or conspiracies in restraint of interstate trade or commerce cannot be alleged generally in the words of the statute but the facts must be set forth which indicate the existence of such contracts, combinations or conspiracies.

11 La Chappelle v. United Shoe Mach. Corp., D.C.Mass.1936, 13 F.Supp. 939; Locker v. American Tobacco Co., D.C. S.D.N.Y.1912, 200 F. 973.

12 See: Mas v. Nu-Grape Co. of America, 4 Cir., 62 F.2d 113.

13 J. Harvey Ladew et al. v. Tennessee Copper Company, 218 U.S. 357, 31 S.Ct. 81, 54 L.Ed. 1069.

14 Title 15 U.S.C.A. § 5.

15 Title 15 U.S.C.A. § 25.

16 Hansen Packing Co. v. Armour & Co., supra.

1 Warner Bros. Theatres, Inc.
Stanley Company of America
Circuit Settlement Corporation
Donald Jacocks
Twentieth Century Fox Film Corporation
Paramount Pictures, Inc.
Paramount Pictures Distributing Company, Inc.,
Essex Amusement Corporation
United Artists Corporation
Columbia Pictures Corporation
RKO Radio Pictures, Inc.
RKO Proctor Corporation
Loew's Incorporated
Warner Bros. Circuit Management Corporation
Vitagraph, Inc.
Big U Film Exchange, Inc.
Universal Film Exchanges, Inc.
New Broad Company

2 Title 28 U.S.C.A. following Section 723c.

3 Title 28 U.S.C.A. following Section 723c.

4 Title 15 U.S.C.A. Section 1 and Section 2.

The complaint herein purports to allege a cause of action under the Sherman and Clayton Acts on behalf of individual plaintiffs. It seeks both legal relief by way of money damages and equitable relief by way of injunctions and orders of dissolution. The sole statutory authorizations for such a proceeding by individual plaintiffs are found in two provisions of the anti-trust laws, Sections 4 and 16 of the Clayton Act.[5]

Under both sections it is apparent that the individual cause of action contemplated is one arising by virtue of acts of the defendants, in violation of the anti-trust laws, which have been the proximate cause of injury to the plaintiffs in their business or property or which threaten to cause loss or damage to the plaintiffs.[6] Hence, the only relevant issues are those involving conduct which proximately results in injury to the plaintiffs or which threatens such injury. An individual plaintiff is not entitled to sue by reason of violations resulting in injury to other persons or to the public. Correction of the latter evil is the function of the government alone.

In connection with the equitable action authorized by Section 16 of the Clayton Act, it is well established that the only relevant issue is whether a plaintiff is threatened with loss or damage by the acts of the defendant. The plaintiff is entitled only to preventative relief against acts threatening loss or damage to himself and dissolution of a consummated transaction is not within the intendment of the Section providing a private remedy.[7] Such relief is reserved to the government alone.

With these principles in mind, the court finds that the complaint is sufficient to meet the requirements when it is read as a whole, and the motion to dismiss it is denied.

This motion is controlled by the decision of the Court in Battin Amusement Company, a Corporation, Plaintiff, v. Cocalis Amusement Co., a Corporation, et al., Defendants, D.C., 1 F.R.D. 769, decided on May 9th, 1941. It is granted as to the following: 3–d; 29–b; 39–d; 39–e.

[5] Title 15 U.S.C.A. § 15 and § 26.

[6] American Banana Company v. United Fruit Co., 2 Cir., 166 F. 261, 263, affirmed, 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826, 16 Ann.Cas. 1047; Locker v. American Tobacco Co., 2 Cir., 218 F. 447; Alexander Milburn Co. v. Union Carbide & Carbon Corporation, 4 Cir., 15 F.2d 678, certiorari denied, 273 U.S. 757, 47 S.Ct. 459, 71 L.Ed. 876; Gerli v. Silk Ass'n of America, D.C.S.D.N.Y. 1929, 36 F.2d 959; Quittner v. Motion Picture Producers & Distributors of America, Inc., D.C.S.D.N.Y.1913, 50 F. 2d 266; Carbonic Gas Co. of America, Inc., v. Pure Carbonic Co. of America, D.C.S.D.N.Y.1933, 4 F.Supp. 992; Ebeling v. Foster & Kleiser Co., D.C., 12 F. Supp. 489; Westmoreland Asbestos Co. v. Johns-Manville Corp., D.C.S.D.N.Y. 1939, 30 F.Supp. 389; Rice v. Standard Oil Co., C.C., 134 F. 464.

[7] Duplex Printing Press Co. v. Deering, 254 U.S. 443, 464, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196; Venner v. Pennsylvania Steel Co. of New Jersey, supra; Continental Securities Co. v. Michigan Cent. R. Co., 6 Cir., 16 F.2d 378; Connecticut Telephone & Electric Co. v. Automotive Equipment Co., D.C. N.J., 14 F.2d 957; Radio Corporation of America v. Hygrade Sylvania Corporation, D.C.N.J., 10 F.Supp. 879.