# IRVING BERLIN, Inc., v. ANZIANO.

District Court, S. D. New York.

June 10, 1944.

Schwartz & Frohlich, of New York City (Louis D. Frohlich, Herbert P. Jacoby, and Lawrence C. Gibbs, all of New York City, of counsel), for plaintiff.

Socolow & Pepper, of New York City, for defendant.

LEIBELL, District Judge.

The defendant moves to strike paragraphs numbered 11, 12, 13, 14, 16, 17, 18, 20 and 22 from the complaint on the ground that they are argumentative and do not constitute proper allegations for a complaint.

The complaint alleges that the plaintiff is the copyright owner of the musical composition "Marie"; that the defendant is the owner of a restaurant where food and beverages are sold and facilities for

34

dancing are maintained. The complaint then alleges (Par. 11) that musical compositions are publicly performed for the entertainment and amusement of defendant's customers; that prior to April 15, 1942, the music was rendered by a piano player and the defendant was licensed by plaintiff to perform publicly for profit musical compositions of plaintiff, including the composition "Marie" (Par. 12). It is also alleged that thereafter the defendant ceased paying royalties, discontinued the employment of a piano player (Par. 13), and placed a coin-operated phonograph commonly known as a "juke-box" in the restaurant (Par. 14). It is further alleged that defendant caused plaintiff's song "Marie" to be thus performed from records in the "juke-box", in infringement of plaintiff's copyright (Par. 15).

Paragraph 16 asserts that defendant claims the right to use the musical composition by virtue of the exemption in Section 1(e) of the Copyright Act (Title 17 U. S.C., 17 U.S.C.A.). The complaint then states that the coin-operated machines in use when the statute was passed are entirely different from "juke-boxes" (Par. 17) and that the public has not free and unrestricted access to the "juke-box", but may operate it only if a beverage or food is purchased (Par. 18). It is alleged also that the purchase of food or beverage is tantamount to an admission charge (Par. 19); that the defendant's performance did not come within the exemption of the Copyright Act (Par. 20); and that the defendant's performance was a public performance for profit and for the entertainment of defendant's customers (Par. 21). Finally facts are alleged showing the extent of this practice in the United States where 400,000 "juke-boxes" are in use for the entertainment of customers, the nature and extent of plaintiff's damage, and the necessity for injunctive relief (Par. 22).

This action is one of three test cases brought by music publishing firms for a construction of Section 1(e) of the Copyright Act of 1909, which deals with the exemption of coin-operated machines— " * * * The reproduction or rendition of a musical composition by or upon coin-operated machines shall not be deemed a public performance for profit unless a fee is charged for admission to the place where such reproduction or rendition occurs." The complaints are identical in the three cases. On November 10, 1943 a motion was made in each of the other two cases for similar relief, as to paragraphs corresponding to Nos. 11, 12, 13, 14, 17, 18 and 22. Judge Conger denied the motions. See orders signed November 16, 1943, in Edwin H. Morris & Co., Inc., v. Donahue,[1] Civ. 21-247, and M. Witmark & Sons v. New Westport Cafe, Inc.,[1] Civ. 21-246.

 Courts are reluctant to strike allegations from the complaint unless they clearly have no bearing whatsoever on the matter in controversy. Samuel Goldwyn, Inc., v. United Artists Corp., D.C., 35 F.Supp. 633; Kraus v. General Motors Corp., D.C., 27 F.Supp. 537, 541. As to the allegations complained of, while in some respects they are mainly historical (Pars. 17 and 22) and in others (Par. 18) somewhat argumentative, the presence of these allegations in the complaint cannot harm the defendant. The complaint as a whole does not violate Rule 8(a), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

 The defendant in the alternative asks for a bill of particulars. The plaintiff has consented to furnish the particulars requested in items 2(a), 3(a) and 3(b). Items 1(a) and (b) are not necessary for the preparation of a responsive pleading. Item 2(b) will be covered by the answer to 2(a). Item 4(a) is not necessary.

The motion to strike paragraphs of the complaint numbered 11, 12, 13, 14, 16, 17, 18, 20 and 22, is denied. The denial does not indicate any views of the Court on the legal question underlying plaintiff's asserted right to relief. That issue is left to the trial judge.

A bill of particulars will be furnished as to items 2(a), 3(a) and 3(b).

Settle order on two days' notice.

---

[1] No opinion for publication.