**SINKBEIL v. HANDLER et al.**
Civil Action No. 233.

District Court, D. Nebraska,
Grand Island Division.

Aug. 6, 1946.

Supplemental Opinion Nov. 5, 1946.

Suhr, Pierce & Cronin and H. A. Prince, all of Grand Island, Neb., for substituted plaintiff.

Stiner, Boslaugh & Stiner, of Hastings, Neb., for defendants.

**DELEHANT, District Judge.**

In an action brought in the District Court of Hall County, Nebraska, and removed here because of diversity of citizenship to recover damages resulting from the death of Arthur L. Dunn, and in separate counts for damage to Dunn's automobile and for his funeral expenses, all consequent upon an automobile collision involving a vehicle owned by the defendant, Handler, and operated with her permission by her son, the defendant, Gabie, then a minor but now an adult, the defendants filed separate answers and counterclaims. Mrs. Handler's counterclaim prays for the recovery of judgment for $1,767.70, for expenses allegedly incurred and in part paid by her on account of medical and surgical services and nursing and incidental items necessitated by personal injuries sustained by Gabie in the collision. Gabie's counterclaim seeks to recover $20,000 on account of his personal injuries.

The substituted plaintiff has filed motions separately directed at the several answers and counterclaims. Each motion thus made conforms to Rule 12(g) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and embraces several requests. The motions will be considered individually but without purposeless repetition, for they are identical in most respects.

### Motion Against Pleading of Defendant Gabie.

■ In part II of the motion, the striking of the entire counterclaim is demanded for the asserted reason that "Gabie does not have legal capacity to sue." In argument the contention was premised upon his minority. But from a pleading now filed, it appears that on July 8, 1946, thirteen days after the filing of his counterclaim, he became twenty-one years of age and that as an adult he has since formally elected to continue, and persist in the prosecution of, his counterclaim. Therefore, without determining what its ruling might have been if Gabie were still an infant, the court is satisfied that he has a present capacity to maintain the counterclaim and has fully adopted it since attaining his majority.

The motion to dismiss does not explicitly challenge Gabie's right to file a counterclaim against the plaintiff on the ground of the representative character of the plaintiff and the relation he bears to the suit. But, as will later appear, that position is taken by the plaintiff as against the Handler cross-complaint, and is not considered to be well founded. Similar ruling would be made upon the same issue as against Gabie.

The second numbered part of the motion is, therefore, overruled and denied.

■ Part I of the motion demands that the fourth paragraph of the *answer* be stricken as the pleading of mere conclusions rather than a pleading of facts. The criticism is without merit. The challenged paragraph attributes the collision not to "any fault or negligence of this answering defendant" but rather to "the negligence of Arthur L. Dunn, directly contributory thereto." In its negation it is simply a denial of negligence on the pleader's part, and of proximate cause. In its affirmation it is aided in its specification of the charged contributory negligence by the words, "as hereinafter more particularly set forth"; and numerous asserted particulars of negligence are later averred in the counterclaim. That request is also being denied.

■ Parts III and IV of the motion demand the striking primarily of each of the subparagraphs of paragraph IV of the cross-complaint except those lettered (i) and (k); and alternatively of specifically designated words and phrases of each of such subparagraphs upon the ground that the challenged matter is not factual but rather the pleading of conclusions and argument. The motion in that behalf neglects the practice in this court and resorts to the usages in some of the local Nebraska courts. And, even judged by the standards administered there, it is an example of an attempt to sandpaper an adversary's pleading to suit the taste of the moving party, which the Supreme Court of Nebraska has criticised. Unquestionably, not the entire subparagraphs challenged by part III of the motion, but rather some, though not all, of the specific phrases singled out in its part IV, are censurable as argumentative

and the reasoning of the pleader. But that can do no harm upon trial, whether to the court or to the jury, and may even aid the court in the more explicit delineation and narrowing of Gabie's position. Those paragraphs of the motion are being overruled and denied.

Similar considerations lead to the denial of comparable requests made in part V of the motion which are directed to parts of paragraph III of the counterclaim.

 Finally, the motion in part VI, in language directly reflecting the Nebraska state court practice, asks for certain particulars in respect of the allegations by Gabie touching the collision and its setting. The material sought is entirely evidentiary. It may not be gotten by a motion for more definite statement or for Bill of Particulars. To the extent that the plaintiff may be entitled to it he may obtain it by resort to the procedure made available under other rules providing for inquiries after the making up of issues and in contemplation of trial. See discussion by this court in United States v. Association of American Railways, D.C., 4 F.R.D. 510. The requests as now made are overruled and denied.

### Motion Against Pleading of Defendant Handler.

All portions of this motion except parts II and V thereof are identical, despite appropriate alterations in phraseology, with like parts of the motion against the pleading of defendant Gabie. And like disposition is made of those identical questions as has been announced respecting similar issues upon the Handler answer and counterclaim.

 In part II of the motion, dismissal of the Handler counterclaim is asked on the ground of this court's want of jurisdiction of its subject matter. The contention is argued by the plaintiff upon the basis of the comparable practice in the Nebraska state courts. But although this action involves a controversy, sounding in tort with Nebraska as the locus delicti, and was filed in the first instance in a court of Nebraska, the issues are being made up in the United States District Court. And this court is satisfied that the Federal Rules of Civil Procedure govern in the matter of the presentation of the counterclaim.

By Rule 81(c) it is provided that:

"These rules apply to civil actions removed to the district courts of the United States from the state courts and govern all procedure after removal";

And it is further provided that:

"In a removed action in which the defendant has not answered, *he shall answer or present the other defenses or objections available to him under these rules* within the time allowed for answer by the law of the state or within 5 days after the filing of the transcript of the record in the district court of the United States, whichever period is longer." (Emphasis added.)

 Decisions of the courts lead to the conclusion that the availability of this court upon removal for the assertion of a counterclaim is to be determined not according to the local state practice but by the Federal Rules of Civil Procedure. Freeman v. Bee Machine Co., 319 U.S. 448, 63 U.S. 1146, 87 L.Ed. 1509; Bee Machine Co. v. Freeman, 1 Cir., 131 F.2d 190; Galloway v. General Motors Acceptance Corporation, 4 Cir., 106 F.2d 466. Full consideration has been accorded to certain rulings of contrary import, of which examples are Noma Electric Corporation v. Polaroid Corporation, D.C., 2 F.R.D. 454; Carroll v. Warner Brothers Pictures, D.C., 20 F.Supp. 405; and Howe v. Atwood, D. C., 47 F.Supp. 979. But Freeman v. Bee Machine Co., supra, substantially impairs their persuasiveness, since it indicates their variance from Bee Machine Co. v. Freeman, supra, as an inducement to the grant of certiorari, and then proceeds to the affirmance of Bee Machine Co. v. Freeman, supra. To be sure, following Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S. Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, Nebraska law will determine whether the ultimate facts give rise to any cause of action in favor of the defendant Handler. That is a matter of substantive law. But, the issues being made in this court, its rules of procedure will govern in the matter of the allowability of a counterclaim. The right to present the counterclaim, as distinguished from its ultimate merit, is a matter of pro-

cedure. The court in this view is not disregarding Rule 82 which prevents the rules from extending the jurisdiction or venue of the federal district courts. Neither jurisdiction nor venue is involved in this ruling.

■ And by Rule 13(a), among compulsory counterclaim and cross-claims is included "any claim, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim," with an exception not presently material.

The Handler claim arises out of the single automobile collision involved in the pleadings. It might be argued that such a collision is not a transaction within the language of the rule. But it is certainly an "occurrence."

■ That the Handler claim is against the substituted plaintiff, not in his individual but in his representative capacity, can hardly be disputed. The substituted plaintiff insists that the defendant Handler had no cause of action against Dunn at the time of his death. But, if the facts set out in the counterclaim be true, she did. The facts necessary to its existence had matured, leaving to the future only the determination of its amount. Which prompts the observation that no obstacle to the assertion of the counterclaim arises from the fact that the expenditures whose reimbursement it asks were made or incurred after Dunn's death. Their necessity was allegedly precipitated by him while he yet lived.

■ In passing it is observed that by the plaintiff's own design and insistence, his petition is not merely a claim for death by wrongful act whose benefits inure to the widow and next of kin alone, but also a suit involving property whose recovery would be for the benefit of the estate generally, including "creditors and heirs."

State practices to the contrary notwithstanding, the present federal procedure contemplates the disposition at one time of all rights and liabilities arising out of a single event, so far as such disposition may be possible and practicable.

The motion to strike the entire counterclaim made in part II is, therefore, being denied and overruled.

■ In part V of his motion, the substituted plaintiff asks that the allegation in the counterclaim of the defendant, Handler, "that the father of the said Albert Gabie is deceased," be stricken as irrelevant and immaterial. But it is neither irrelevant nor immaterial, for it serves to negative the liability of the father of Gabie for the services in question. The material may remain.

### Supplemental Opinion.

■ In a reply, within the allowance of Rule 7(a), Federal Rules of Civil Procedure, to the separate cross-claiming answers of the several defendants, the substituted plaintiff alleged that claims identical in substance and purpose with the several cross-claims had been filed and were pending in the proceeding in the County Court of Hall County, Nebraska, for the administration of the estate of the substituted plaintiff's intestate. A motion within Rule 12(f) to strike that allegation from the reply on the general ground of its immateriality has been filed by the defendants and submitted to the court. The pleadings, whether by design or through inadvertence, do not disclose the relative priority in time of the filings of the Handler and Gabie claims in this court and in the state county court. Actually, though the factor of priority is immaterial, it was agreed upon argument that the cross-claims were filed in this case before the filing of the claims in the state's probate court.

Strictly speaking, the language in the reply which is challenged by the motion alleges a situation which is not presently defensive to the cross-claims. And it may appropriately be said to be immaterial and irrelevant.

In its every aspect, this action is a personal one. Only judgments for the recovery of money are sought. Therefore, the court must put aside as pointless here those many decisions holding that in actions in rem the court first taking the res into its jurisdiction may—and, usually though not invariably, will—exercise that jurisdiction

to the exclusion of all other courts. They do not control judicial policy or jurisdiction in actions that are in personam.

The rule in the latter group of cases was declared with finality in the leading case of Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077, in the following language:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

The writer of that opinion supports his statement of the rule by the citation of many authorities which need not be repeated. Nor would any purpose be served by the citation of the numerous instances in which the Kline case has been approved and followed since its decision.

This court simply concludes that the pleading in the reply of the concurrent pendency of the cross-claims here and of the claims in probate against the Dunn estate asserts neither a defense to, nor any ground for abatement or deferment of consideration of, the cross-claims, or either of them.

But the court is not compelled on that account to strike the language. The language of Rule 12(f) is clearly permissive and accords to the court to which a motion to strike is addressed a wide measure of discretion. Not all immaterial averments of pleadings need be stricken.

This court does not send the pleadings in actions to juries. Therefore, the language of pleadings is addressed, in practical operation, to the trial judge. And if he regards some of that language as immaterial, or even trivial, he simply withholds it from the jury, thus declaring its immateriality. That can—and, unless further definitive action in the state court shall be had and drawn appropriately to this court's notice, will—easily and necessarily be done in the present case. Meanwhile, the presently immaterial language can injure no one.

This court acknowledges its entertainment of considerable sympathy with the thought that, short of abuse or practical impropriety, a reasonable latitude should be allowed to a pleader in the statement of his claim or defense; and that not every dubious or errant phrase in a pleading should be eradicated from it to suit the taste of a critical adversary. In practice, what matters is not alone whether the phrase is immaterial, but whether, its presence, if it be immaterial, is calculated to be harmful.

With some force, the successor plaintiff argues that his pleading of the challenged situation is warranted as a means of informing this court of the present pendency in the state court of litigation in which a judgment may conceivably operate within the principles of res adjudicata upon the cross-claims here. The argument explains his cautious pleading of the material, although it may hardly be said narrowly to vindicate it. If hereafter, the estoppel by prior judgment or the operation of res adjudicata shall arise in consequence of a state court judgment, it may appropriately be drawn to this court's attention by a supplemental pleading. Until that time, this court will be free to proceed upon the cross-claims, without reference to the pendency of the Handler and Gabie claims in the Hall County Court.

But until that time, too, the pleaded material can do no harm to anyone. So, it may remain in the reply; and the motion to strike it is being denied and overruled.