### VERNOR'S GINGER ALE BOTTLING CORPORATION OF BOSTON v. HIRES-IDEAL BOTTLING CO. et al.

Civ. No. 21-48.

District Court, D. Nebraska, Omaha Division.

May 25, 1948.

C. F. Connolly, of Fraser, Connolly, Crofoot & Wendstrand, all of Omaha, Neb., for plaintiff.

Fred S. White of White & Lipp, all of Omaha, Neb., for defendants.

DONOHOE, District Judge.

The plaintiff herein seeks to recover damages allegedly suffered as the result of purchasing a defective CEM "28" Filler Machine from the defendants, represented to be in good mechanical condition prior to the sale. It is set forth in the complaint that these representations were made by an agent of the defendants; that such representations were false when made, and uttered as positive assertions of fact upon which the plaintiff had a right to rely. The complaint is replete with many prolix and immaterial allegations with reference to such false representations, as well as to the preliminary character of the plaintiff. It is further alleged in the complaint that these false representations by the agent culminated in the making by the defendants proper of an express warranty as to the mechanical condition of the machine at the time the title thereto passed.

Pursuant to Rule 12(g), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the defendants have interposed a consolidation of motions, viz: a motion for a cost bond, a motion to strike and a motion for a more definite statement. A cost bond was filed by the plaintiff prior to the hearing on the motions, hence that motion is denied.

Rule 12(f) permits this court, either upon a timely motion or upon its own initiative at any stage of the proceedings, to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." While, as sometimes stated, the Federal Rules of Civil Procedure have the force of law, Kuenzel v. Universal Carloading & Distributing Co., D.C., 29 F. Supp. 407; Barrezueta v. Sword S. S. Line, D.C., 27 F.Supp. 935, their proper administration so as to fulfil their declared purpose, i. e., "to secure the just, speedy, and inexpensive determination of every action", Rule 1, is left largely to the discretion of the trial court. Such courts have not been reluctant to seize upon this power to strike material when it is redundant, prolix, and immaterial, and not "simple, concise, and direct." Schultz v. Manufacturers & Traders Trust Co., D.C., 1 F.R.D. 53, 54. Nor should they be so inclined. State of Missouri v. Fidelity & Casualty Co., 8 Cir., 107 F.2d 343, 347.

However, this court has adopted the rule in instances such as this now before it, when the wheat can be separated from the chaff without too much difficulty, that although a pleading be redundant, immaterial, impertinent, and literally susceptible to a motion to strike under the provisions of Rule 12(f), such motion will not be granted in the absence of some showing of

242

prejudicial harm resulting to the adversary. Sinkbeil v. Handler, D.C., 7 F.R.D. 92, 98. Judge Delehant of this court stated in the latter case: "This court does not send the pleadings in actions to juries. Therefore, the language of pleadings is addressed, in practical operation, to the trial judge. And if he regards some of that language as immaterial, or even trivial, he simply withholds it from the jury, thus declaring its immateriality." Our rule is akin to that of another jurisdiction. See Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corporation, D.C., 2 F.R.D. 305, 306, and cases therein cited.

Since the defendants have not shown any prejudicial harm, the motion to strike is denied.

By express announcement, Rule 12 (e) permits the granting of a motion for a more definite statement only upon a showing that the moving party cannot intelligently respond to the pleading. There are no vagaries or uncertainties in the complaint now before the court, and the court is of the opinion that the defendants may frame an intelligent answer so that the issues may be formulated. This motion is neither part nor parcel of the discovery procedure erected for use in the federal courts. The information that the defendants seek may be derived by the use of interrogatories or depositions. Therefore the motion for a more definite statement is denied.

There is set forth in the complaint a written instrument purporting to be a written contract between the parties. The general rule is that where an agreement has been duly entered into all representations and statements made in the negotiations leading up to the contract are presumed to have been resolved and embodied in the written instrument. To this general rule, however, there are exceptions which need not now be enumerated or considered. Upon the trial of the case, when the evidence is offered, the court will then be in a position to determine whether such evidence comes within any of the exceptions. And this court will not at this time specify what evidence may be received or excluded.

The matter of damages will be left for the court to determine when all of the evidence has been considered, and the case is submitted.

An order will be entered herein overruling the motions. Twenty days are allowed the defendants in which to file their answers.