TIVOLI REALTY, Inc. v. PARAMOUNT PICTURES, Inc.

ADELMAN v. PARAMOUNT PICTURES, Inc. et al.

Civ. A. Nos. 1077, 1109.

United States District Court
D. Delaware.

Oct. 18, 1948.

Clair J. Killoran (of Killoran & Van Brunt) of Wilmington, Del., and Thurman Arnold (of Arnold, Fortas & Porter) of Washington, D. C., for plaintiffs Tivoli Realty, Inc. and another.

Caleb S. Layton (of Richards, Layton & Finger) of Wilmington, Del., and Albert C. Bickford (Simpson Thacher & Bartlett) of New York City, for defendants Interstate Circuit, Inc., and others.

Ayres J. Stockley (of Hastings, Stockley, Walz & Wise) of Wilmington, Del., for defendants Twentieth Century-Fox Film Corporation and others.

Hugh M. Morris and S. Samuel Arsht (of Morris, Steel, Nichols & Arsht), both

of Wilmington, Del., for defendants Universal Pictures Company, Inc., and others.

Clarence A. Southerland (of Southerland, Berl & Potter) of Wilmington, Del., for defendants Loew's Inc., and others.

RODNEY, District Judge.

These two actions are treble damage suits brought under the Sherman Anti-Trust Act and the Clayton Act[1] against several major motion picture producers and distributors, certain of their subsidiaries, and certain theatre operating companies in Texas and New Mexico and in which plaintiffs also seek injunctive relief. The defendants in each suit are identical and the plaintiff in C.A. 1109 is alleged to be the principal stockholder and president of the plaintiff in C.A. 1077.

The defendants in each action have moved under Rule 12(f)[2] to strike certain allegations in the complaint upon the grounds of immateriality, impertinency and prejudice. Inasmuch as substantially identical questions are raised by the two motions and the parties in both actions are represented by the same counsel, the two actions were consolidated for argument upon the two 12(f) motions.

Generally, each complaint alleges that the several defendants have been and are engaged in a nation-wide conspiracy to restrain trade and commerce in the distribution and exhibition of motion pictures and to monopolize such trade and commerce with the intent and result of injuring plaintiff and the public interest.

In C.A. 1077 the plaintiff complains more specifically of the conspiracy and unlawful course of action among the defendants in the distribution and exhibition of motion pictures in Dallas, Texas, all being a part of the alleged nation-wide conspiracy among the defendants. This alleged conspiracy and unlawful course of action in Dallas is averred to have resulted in illegal discriminations against plaintiff, which built and owns a theatre in Dallas, and in depriving plaintiff of its right to en-

gage in the exhibition of motion pictures in Dallas free of illegal restraints.

In C.A. 1109 substantially the same allegations are made with respect to Houston, Texas and the plaintiff's theatre and business in that city. In C.A. 1109, however, there are additional questions raised by the motion to strike which are not raised in C.A. 1077, and these questions, and the facts giving rise to them, will be hereinafter considered.

 Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. Vernor's Ginger Ale Bottling Corp. v. Hire's Ideal Bottling Co., D. C. Neb. 1948, 8 F.R.D. 240; American Machine and Metals, Inc., v. De Bothezat Impeller Co., Inc., D.C.S.D.N.Y. 1948, 8 F.R.D. 306; Contogeorge v. Spyron, D.C.N.Y. 1946, 7 F.R.D. 223, 229; Klages v. Cohen et al., D.C.N.Y. 1947, 7 F.R.D. 216, 217; see cases cited in 2 Moore's Federal Practice (2d Ed.) p. 2318. Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike. Klages v. Cohen et al., supra; O'Reilly v. Curtis Publishing Co., D.C. Mass. 1938, 22 F.Supp. 359, 361; Burke v. Mesta Machine Co., D.C.Pa.1946, 5 F.R.D. 134, 139.

The defendants urge first that there should be stricken from both complaints certain allegations concerning the case of Interstate Circuit, Inc., v. United States, 1938, 306 U.S. 208, 59 S.Ct. 467, 83 L.Ed. 610, and the decree of the lower court entered therein. In C.A. 1077 these allegations are contained in paragraph 51 of the complaint; in C.A. 1109 they are found in paragraphs 20 and 67 of the complaint.

 Paragraph 51 of the C.A. 1077 complaint alleges that certain of the defendants by participating in the conspiracy and course of action described in the complaint are in violation of a decree entered

---

[1] 15 U.S.C.A. §§ 1, 2, 15, 22 and 26.

[2] Federal Rules of Civil Procedure, 28 U.S.C.A.

in the cited Interstate litigation. I am of the opinion that such paragraph must be stricken for the reason that a violation of a decree entered in some independent action seems immaterial to the suit at bar and could prejudice the defendants if they ·be compelled to answer such allegations. If the paragraph had merely alleged the entry of the decree against certain of the defendants and set out the conduct enjoined thereby, thus constituting merely the background or historical material of value in the consideration of the present controversy, then the allegation might have been good; but a violation of a decree of another court is not, *per se,* a relevant issue in this proceeding.

Paragraphs 20 and 67 of the complaint in C.A. 1109 allege, respectively, the entry of a decree against the defendants in favor of the United States with a description of the conduct enjoined thereby and the violation of such decree by certain of the defendants. Paragraph 67, alleging a violation of the decree, must be stricken for the same reason that paragraph 51 of the complaint in C.A. 1077 will be stricken, as above indicated. The latter two paragraphs are substantially identical.

■■ The defendants' motion with respect to paragraph 20 of the complaint in C.A. 1109, however, must be denied. That· paragraph merely alleges the entry of the decree and the conduct enjoined thereby.· While it may be true that the entry of the decree antedated the establishment of the· plaintiff's business (as to which I express no opinion), yet the matter furnishes background material as to the nature, extent and character of the alleged conspiracy. While not concerning a similar action, see Steckel v. Beeghly, D.C. Ohio 1948, 8 F.R.D. 116. This type of action usually requires some background or setting and it would seem that the "short and plain statement" of Rule 8(a)[3] is hardly sufficient without some explanatory remarks. See Perrott v. United States Banking Corp., D.C.Del. 1944, 53 F.Supp. 953, 956; 2 Moore's Federal Practice (2d Ed.), p. 2319;

Irving Berlin, Inc., v. Anziano,ᵢ D.C.N.Y. 1944, 4 F.R.D. 33, 34; Camfield Mfg. Co. v. McGraw Elect. Co., D.C.Del. 1947, 70 F.Supp. 477, 481. The Circuit Court of Appeals for this (Third) circuit has well recognized the burden upon a plaintiff in presenting this type of case and the necessity for showing a concert of action among defendants. William Goldman Theatres v. Loew's, Inc., 3 Cir., 1945, 150 F.2d 738, 743. In order to understand fully the nature, character and extent of the action complained of, I think the presence of background or historical matter in these two complaints is not objectionable unless it is prejudicial to the adverse party.

■ I am of the opinion that the allegations in paragraph 20 of the complaint in C.A. 1109 are not prejudicial to the defendants and need not be stricken. Allowance of a motion to strike is within the discretion of the court under the permissive language of Rule 12(f), Sinkbeil v. Handler, D.C.Neb. 1946, 7 F.R.D. 92, 98, and whether the allegations are immaterial · or impertinent is a matter I do not determine at this time since I think they are not prejudicial.

■ Pleadings in this court are not given to juries and thus are in effect addressed only to the trial judge. If at the trial evidence of the allegations in question is deemed to be immaterial, it may be withheld from the jury, Sinkbeil v. Handler, supra, or if the allegations would be prejudicial before a jury they may likewise be withheld. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C.N.Y. 1942, 2 F.R.D. 305, 306; see Minneapolis Gasoline & Fuel Co. v. Ethyl Gasoline Corp., D.C. N.Y. 1941, 2 F.R.D. 307.

■ Moreover, plaintiff may be entitled by Section 5 of the Clayton Act, 15 U.S. C.A. § 16, to treat a final judgment or decree such as the one rendered in the Interstate litigation as *prima facie* evidence in this action against those defendants here who were defendants in such prior case, and it has been held that in order to plead

---

such a *prima facie* case the plaintiff must plead the result of the prior litigation. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., supra.

The recent Supreme Court opinion in Federal Trade Comm'n v. Cement Institute et al., 1948, 333 U.S. 683, 703–706, 68 S.Ct. 793, lays down broad boundaries for the *admission of evidence* in a somewhat related field, but such case is no direct authority for determining which matters should or should not be stricken from a complaint. An even more recent decision has granted a motion to strike certain historical or background allegations of a complaint even though evidence of the matters stricken might be admissible at trial, Knight v. Baltimore & O. Ry. Co., D.C. N.Y. 1948, 8 F.R.D. 256, 261.

■■■■ Defendants also move to strike paragraphs 52 and 61 of the complaint in C.A. 1077 and paragraph 77 of the complaint in C.A. 1109. Paragraph 52 alleges that the defendant Paramount has been and is acting in violation of a decree entered by a United States District Court in the case of United States v. Paramount Pictures, D.C.N.Y. 1947, 70 F.Supp. 53, and the latter two paragraphs allege that the producer-distributor defendants have engaged and are engaging in arbitrary, collusive and discriminatory practices described in the Opinion, Findings of Fact, Conclusions of Law and Decree of such court in the same case, reported at the above citation and also at 66 F.Supp. 323.

I believe that these three paragraphs are objectionable for the reasons indicated with respect to paragraphs 67 of the complaint in C.A. 1109 and 51 of the complaint in C.A. 1077, viz., immateriality and prejudice. The three paragraphs under consideration do not allege the entry of the decree and describe the conduct enjoined thereby, but rather they merely allege that defendants, or certain of defendants, have been and are acting in violation of and contrary to such decree. I believe this to be immaterial and prejudicial and therefore the paragraphs must be stricken.[4]

■■■■ Defendants next object to certain allegations of both complaints which in general aver that defendants' acts have also injured the public interest and other unnamed independent exhibitors, not parties to these actions, and object to prayers which ask for injunctive relief in favor of such unnamed exhibitors. Defendants contend that a private litigant has no right to sue primarily on behalf of the public or anyone other than himself and that the only relevant matter in such a suit is whether there is a violation of the antitrust laws and a causal connection between that violation and the plaintiff's business or property, and the amount of damages, if any, resulting therefrom to the plaintiff. With such contention this court is in accord.

Section 4 of the Clayton Act[5] provides that any person "injured in his business or property *by reason of anything forbidden in the antitrust laws*" [6] may sue therefore and shall recover threefold the damages *sustained by him*. Section 16 of the Clayton Act[7] provides for equitable relief in the form of an injunction for any person upon substantially the same conditions.

■■■■ It is well settled that a person suing under either of the two cited sections of the Clayton Act cannot have relief unless he pleads and proves a pecuniary loss or injury to his business or property.[8] The two sections are not for the benefit of the public as such and do not give a right to

---

4 Whether the Paramount decree is final within the meaning of Section 5 of the Clayton Act, 15 U.S.C.A. § 16, need not be determined in view of my holding that each of these three paragraphs is prejudicial. In any event it would seem that the question of finality in the Paramount decree is a disputed and substantial question of law which, under the authorities hereinbefore cited, this court will not determine upon a motion to strike.

5 15 U.S.C.A. § 15.

6 Emphasis supplied throughout unless otherwise indicated.

7 15 U.S.C.A. § 26.

8 Northwestern Oil Co. v. Socony-Vacuum Oil Co., 7 Cir., 1943, 138 F.2d 967,

sue for injuries resulting solely to the public or to others.[9] A plaintiff recovers under either of the two sections only for his own injuries or losses. Consequently, that portion of the prayers for relief in each of the instant complaints which seeks relief for other independent exhibitors must be stricken for the reason that it is immaterial and prejudicial.

■■■■ But, as the defendants contend, it is necessary to determine whether there is a violation of the antitrust laws. Such a violation is an express condition upon the right of a private person to sue under either section 4 or section 16 of the Clayton Act and it is well settled that such a violation is essential.[10] That the antitrust laws are a matter of public interest and were enacted as a matter of public policy to protect the public has long been recognized. Standard Oil Co. v. United States, 1911, 221 U.S. 1, 50–58, 31 S.Ct. 502, 55 L.Ed. 619, 34 L.R.A., N.S., 834, Ann.Cas. 1912D, 734; Apex Hosiery Co. v. Leader, 1940, 310 U.S. 469, 492–500, 60 S.Ct. 982, 84 L. Ed. 1311, 128 A.L.R. 1044; see Hodges, Antitrust Act and the Supreme Court (1941) pp. 1–6. Obviously, therefore, a complaint stating a good claim under either section 4 or section 16 of the Clayton Act must not only allege damages occurring to the private party-plaintiff but also injuries resulting to public rights. Abouaf v. J. D. & A. B. Spreckels Co., D.C.Cal.1939, 26 F. Supp. 830, 832; Neumann v. Bastian-Blessing Co., D.C.Ill.1947, 70 F.Supp. 447, 449. Unless there is a violation of public rights, there can be no such violation of the antitrust laws as is necessary to sustain a private suit under sections 4 and 16 of the Clayton Act. For this reason, therefore, I deny the defendants' motions to strike those allegations of the complaint which aver injuries to the public and to other unnamed exhibitors.

■■■■ With respect to C.A. 1109, the defendants move to strike certain other allegations in the complaint. Their motion is directed first toward allegations in paragraph 17 having reference to proceedings instituted in 1934 by the plaintiff before the Code Authority of the N.R.A. Defendants contend that such allegations are improper (1) because the N.R.A. was held unconstitutional and hence all proceedings under it are void, (2) because a decision by the said Code Authority is not the type of judgment or decree which plaintiff can take advantage of as *prima facie* evidence under section 5 of the Clayton Act[11] and (3) because such proceedings occurred long before the period for which plaintiff claims damages and are thus immaterial. While all that defendants contend in this connection may be true, I am of the opinion that the allegations should be retained for they furnish background and historical data by which the court can obtain a fuller understanding of the complaint. Of course, the proceedings and any decision rendered therein will not be treated as conclusive or as having any legal effect, but I do not perceive of any prejudice running against the defendants by allowing the allegations to remain and therefore the defendants' motion to strike paragraph 17 is denied.

■■■■ The defendants also seek to have stricken certain allegations in the complaint

---

970, certiorari denied 321 U.S. 792, 64 S.Ct. 790, 88 L.Ed. 1081; Maltz v. Sax, 7 Cir., 1943, 134 F.2d 2, 5, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L. Ed. 1720; Westmoreland Asbestos Co. v. Johns-Mansville Corp., D.C.N.Y.1939, 30 F.Supp. 389, 391, affirmed on rehearing D.C.1940, 32 F.Supp. 731; Mid-West. Theatres Co. v. Co-operative Theatres, D.C.Mich.1941, 43 F.Supp. 216, 220; Westor Theatres v. Warner Bros. Pictures, D.C.N.J.1941, 41 F.Supp. 757, 763.

[9] Maltz v. Sax, 7 Cir., 1943, 134 F.2d 2, 5, certiorari denied 319 U.S. 772, 63 S.Ct. 1437, 87 L.Ed. 1720; Westor Theatres v. Warner Bros. Pictures, D.C.N.J. 1941, 41 F.Supp. 757, 763.

[10] Neumann v. Bastian-Blessing Co., D. C.Ill.1946, 71 F.Supp. 803, 805; Weinberg v. Sinclair Refining Co., D.C.N.Y. 1942, 48 F.Supp. 203, 205; Westor Theatres v. Warner Bros. Pictures, D.C.N.J. 1941, 41 F.Supp. 757, 763; Virtue v. Creamery Package Mfg. Co., 1913, 227 U.S. 8, 24, 33 S.Ct. 202, 57 L.Ed. 393.

[11] 15 U.S.C.A. § 16.

in C.A. 1109 to the effect that defendants attempted to drive plaintiff out of business long before the period for which plaintiff claims damages. While it may be true that a causal connection between the wrongful acts of defendants and the injury to plaintiff for which he sues is necessary, and while there might be no such causal connection between the acts described in the allegations under consideration and the injury, if any, resulting to plaintiff, yet the allegations do serve to provide background material which is helpful in giving the court a fuller understanding of the complaint and they do not prejudice the defendants. It must be remembered that plaintiff must plead and prove a violation of the antitrust laws in order to recover and the matters contained in the allegations under consideration can be helpful in aiding the court to understand the complaint in this respect. The defendants' motion to strike such allegations in paragraphs 11 to 16, inclusive, 18 to 21, inclusive, and 24 to 27, inclusive, of the complaint in C.A. 1109 is denied.

█ The defendants finally object to paragraphs 22 to 31, inclusive, of the complaint in C.A. 1109 on the grounds that they do not state a good cause of action and are immaterial, impertinent and prejudicial. In substance, these paragraphs allege that by reason of defendants' unlawful conspiracy and course of action the plaintiff was compelled to lease his theatres in Houston and Fort Worth to defendant Interstate for 10 years under an agreement whereby Interstate jointly operated them with its own theatres in the same cities; that by the terms of the agreement plaintiff could obtain a one-half interest in any theatre acquired by Interstate within a certain radius of the leased theatres during the ten-year period upon payment of one-half the cost thereof; that three such theatres were acquired and plaintiff paid one-half the cost of each; that under the agreement plaintiff could, at his option, buy Interstate's interest in any such theatres or sell his own interest in such theatres at the termination of the agreement; that the total price fixed for either party's one-half interest in each of the three theatres was $529,207.00; that plaintiff was able to purchase Interstate's one-half interest at such price but knew that because of the alleged unlawful conspiracy and course of action among defendants he would not be able to operate the theatres profitably; and that for these reasons he elected to sell his one-half interest to Interstate rather than buy Interstate's one-half interest with a resultant loss of profits to plaintiff in the amount of $500,000.00.

Defendants contend that if Interstate was a party to the conspiracy and unlawful course of action as alleged, plaintiff by entering into the agreement with it is *in pari delicto* with all parties to such unlawful action and is therefore precluded from recovering any damages based upon such agreement and also cannot recover because an illegal contract cannot in any way be made the basis for a recovery. The defendants contend that if, on the other hand, there was no participation in a conspiracy by Interstate as alleged, the contract is valid and plaintiff is bound by its terms and has no complaint, since he freely exercised his election pursuant to the contract.

Plaintiff, of course, argues that under such circumstances as here existed, where there was allegedly economic coercion against the plaintiff, he could not be *in pari delicto,* and relies upon such cases as Ring v. Spina, 2 Cir., 1945, 148 F.2d 647, 160 A.L.R. 371.

The contentions of the parties obviously raise a substantial question of law which I do not feel should be determined summarily upon a motion to strike. The authorities hereinbefore cited indicate that courts generally are unwilling to decide such questions upon a motion to strike, and the magnitude of the question herein raised illustrates the soundness of such reluctance.

Moreover, these allegations do provide background material for a better under-

standing of the complaint and I do not discern any prejudice that might run against the defendants by allowing them to remain in the complaint. The defendants' motion in this respect is therefore denied.

In summary, I grant the motions of defendants to strike paragraphs 51, 52 and 61 of the complaint in C.A. 1077, paragraphs 67 and 77 of the complaint in C.A. 1109 and that portion of the prayers for relief in each complaint which seeks relief for other unnamed independent exhibitors. The defendants' motions are denied in all other respects.