Gerald James DIMENCO, a minor, by Vincenzo Dimenco, his next friend, and Vincenzo Dimenco, Plaintiffs,

v.

The PENNSYLVANIA RAILROAD COMPANY, a corporation of the State of Pennsylvania, Defendant.

Civ. A. No. 1600.

United States District Court,
D. Delaware.

Oct. 28, 1954.

Albert L. Simon and Stephen E. Hamilton, Jr., Wilmington, Del., for plaintiffs.

John P. Sinclair (of Berl, Potter & Anderson), Wilmington, Del., for defendant.

LEAHY, Chief Judge.

This is an action by a minor plaintiff to recover damages against defendant railroad for injuries received when plaintiff, while riding a bicycle, was struck by defendant's locomotive at a railroad crossing in New Castle, Delaware.

Defendant has moved under F.R. 12 (f), 28 U.S.C., to strike certain allegations of the complaint. Specifically, defendant's motion is directed to that portion of paragraph 9 alleging defendant's failure to maintain gates at the crossing in question; to paragraph 12, which alleges plaintiff was confused at the time of the accident because he erroneously assumed the noise he heard at the crossing was caused by a passing train other than a second train passing in the same direction which subsequently struck him. Defendant also attacks portions of paragraph 13 designated c, d, e and g. This last category of allegations embodies substantially the same question as raised in respect to paragraph 9. The ruling on the motion in respect to paragraph 9 will also be dispositive of paragraph 13.

In Tivoli Realty v. Paramount Pictures, D.C.Del., 1948, 80 F.Supp. 800, Judge Rodney made a succinct observation, 80 F.Supp. at page 803, in passing on a motion to strike under F.R. 12(f):

"Motions to strike are rather strictly considered and have often been denied even when literally within the provisions of Rule 12(f) where there is no showing of prejudicial harm to the moving party. [Numerous citations omitted.] Nor have the courts been willing to determine disputed and substantial questions of law or the legal consequences of pleadings upon a motion to strike. [Authorities cited.]"

Paragraph 9 of the complaint, after alleging the dangerous nature of the crossing, avers the defendant "did not maintain gates or a properly placed flagman *or other conspicuous warning device* to protect or warn persons approaching said crossing on Young Street, in either direction." (Emphasis added). Similarly, paragraph 13 charges the failure to provide certain named safeguards or other conspicuous warning device. Defendant argues the allegation concerning the specific safeguards should be stricken since it is under no statutory duty to provide such safeguards.

1. Conceding, arguendo, defendant's contention it was under no statutory duty to place a flagman or gates at the crossing, it does not follow, having

voluntarily provided certain safeguards, it has discharged that duty which the law requires under the circumstances of this case. The Legislature does not (it could not, with any degree of effectiveness) establish rigid statutory standards of safety to be exercised by common carriers in every situation. The circumstances of modern railroad operation will admit of no such device. Safety statutes merely crystallize certain minimum standards which should obtain under certain circumstances, but grant no plenary absolution from the far-reaching and ever present common law rule of due care under the circumstances. Consideration must be given to the variants of each "locus" to determine what is the standard of care under any given set of circumstances. Due care is a fluid concept and not susceptible of ineluctable formulation.

■ For this, see Gray v. Pennsylvania R. Co., 3 W.W.Harr. 450, 453, 33 Del. 450, 453, 139 A. 66, at pages 75, 76, where Chief Justice Pennewill charged the jury: "The method and means of warning the public, exclusive of statutory warnings, are questions for the company to determine and put into effect in the strict compliance, compelled by law, of its duty in giving timely and sufficient warning of the approach of its trains."

2. Defendant seeks to place upon its shoulders a narrower duty to plaintiff than the applicable Delaware law demands. Defendant's contention, if accepted, would preclude a factual examination and determination of defendant's duty as regards the particular crossing, and confine liability to the issue of adequacy of the watchman's warning.

■ The presence of the allegation "or other conspicuous warning device" has legal significance. Placed at the end of specifications of certain devices, it conveys the idea the entire allegations should have a cumulative effect. In short, plaintiff has set out a collection of particulars, the total impact of which is a general allegation of lack of due care. True, plain-

tiff's manner of pleading is not without a certain indefiniteness, but it satisfies the broad requirements under the present Rules of Federal Procedure. Even if it were admitted the allegations offend the requirements for nicety of pleading, it does not appear defendant will be prejudiced by a refusal to strike the allegations from the complaint. Defendant's apprehension the allegations under review will place him at a disadvantage before the jury, is without substantial foundation since defendant overlooks the role which the Court will play in supervising the evidence at trial and through its instructions to the jury, in conformity with established practice which prohibits instructions which do not conform to the admissible evidence adduced at trial.

■ 3. As to paragraph 12, defendant is on firmer ground. Paragraph 12 alleges confusion on the part of plaintiff and apparently looks to the proposition plaintiff was himself free from any culpable negligence which contributed to the accident. To be valid, such an allegation must either relate to a previous declaration of freedom from contributory negligence or be itself in the nature of a reply to a defense of contributory negligence. In the instant case, it does neither; and, as a result, this allegation lacks relevancy and materiality. By itself, it is outside the ambit of any issue thus far involved. Best Foods, Inc. v. General Mills, D.C.Del., 59 F.Supp. 201. If plaintiff does not allege his own due care, he should not be permitted to exculpate in a later allegation his fears for his own possible negligence. This, plaintiff attempts to do in paragraph 12, without having first laid the ground work for such an averment by way of an anticipatory pleading of lack of contributory negligence.

Accordingly, defendant's motion directed at paragraphs 9 and 13 of the complaint will be denied; paragraph 12 should be stricken, and as to this, defendant's motion will be granted. An order may be submitted.