VENN–SEVERIN MACHINE CO. v. JOHN KISS SONS TEXTILE MILLS, Inc.

No. 152.

District Court, D. New Jersey.

May 22, 1941.

Edward V. Ryan, of Jersey City, N. J., for plaintiff.

Aquila N. Venino, of Newark, N. J., for defendant.

WALKER, District Judge.

A conference[1] has been held and the court in order to settle the terms of an order finds that:

1. The defendant admits executing the notes upon which the plaintiff sues.

2. The original contracts are to be subpoenaed because the defendant contends that the photostatic copies show certain conditions it wishes to inquire into.

3. The parties are to check the correspondence and to agree wherever possible as to the admissibility thereof.

4. The parties have stipulated that if the law of the State of Illinois is applicable, it is the same as the law of the State of New Jersey.

5. Plaintiff objects to the counterclaim of the defendant because it sets up equitable and legal fraud and alleged breach of an implied warranty and argues that the defendant may seek either rescission by equitable action or damages in a legal action, but, he may not seek both remedies because the former is in derogation of and seeks to avoid the contract, while the latter remedy is available only on the premise that there exists a present and continuing contract which the defendant elects to recognize as such; therefore, the defendant should be required to make an election.

In answering this objection, the court holds, that the defendant will be required to make its election, but it can do so during the trial.[2] The Federal Rules of Civil Procedure are based on the theory of a rather general form of pleading.[3] They employ simplicity, conciseness and directness and technical forms are eschewed.[4] The requirement of consistency is done away with and inconsistent claims are allowed.[5] All refinements of pleadings are subordinated to one aim: the achievement of substantial justice[6], and courts are urgently charged to interpret pleadings in that spirit.[7]

The court is unable to ascertain the purpose served by the fifth and sixth counts of the counterclaim and it is suggested that the defendant may wish to withdraw them.

An order in accordance with the foregoing should be presented.

---

[1] Rule 16, Federal Rules of Civil Procedure for District Courts of the United States, 28 U.S.C.A. following Section 723c.

[2] See Adams et al. v. Camden Safe Deposit & Trust Co., 121 N.J.L. 389, 2 A.2d 361.

[3] Dean, now Judge Clark, Proceedings, American Bar Association Institute, 1938.

[4] The defendant has not stated its counterclaim as simply, concisely and directly as it could.

[5] Rule 8(e), (1) (2), 28 U.S.C.A. following Section 723c.

[6] Rule 8(f), 28 U.S.C.A. following Section 723c.

[7] Sierocinski v. E. I. DuPont De Nemours & Co., 3 Cir., 103 F.2d 843. See, also, The Complaint under the Federal Rules of Civil Procedure, X Fordham Law Review, 252.