## NEUMANN v. BASTIAN–BLESSING CO. et al.

### Civ. A. 46 C 440.

District Court, N. D. Illinois, E. D.
July 25, 1946.

See, also, D.C., 70 F.Supp. 447.

Lannan, La Velle & Hill, of Chicago, Ill., for plaintiff.

Edward R. Johnston, James A. Sprowl, Poppenhusen, Johnston, Thompson & Raymond, and Samuel W. Block, all of Chicago, Ill., for defendants.

LA BUY, District Judge.

Defendants have filed a motion under Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, to dismiss the complaint on the ground it fails to state a claim upon which relief can be granted. The complaint herein contains eight counts.

[1] The first count is brought under section 15 of the Clayton Act, 15 U.S.C.A. § 25, allowing any person injured by reason of violations of the Sherman Anti-Trust Act, 15 U.S.C.A. § 1 et seq., to bring suit. It is well stated by both parties herein that the elements necessary to found such a suit are (1) a conspiracy (2) in restraint of or to monopolize interstate or foreign trade, and (3) resulting damages to the plaintiff. The gravamen of the action rests on plaintiff's assertions he was unlawfully put out of business "as part and parcel of an unlawful and criminal scheme to restrain and monopolize" so that "his business would not be available as a channel and means of sale and distribution to any manufacturer in the United States seeking to compete with the corporate defendant". It is agreed that Neumann was not in competition with the corporate defendant during the operation of the conspiracy, but he was allegedly destroyed because he was a prospective competitor.

The allegations of conspiracy are contained in paragraph 40 of the complaint: "* * * the defendants (being the corporation and its vice-president, Mills) * * * thereupon unlawfully combined

and conspired together and with unknown confederates to attempt to monopolize and to monopolize in favor of the corporate defendant, that part of the foreign trade and commerce of the United States to Mexico involving the export from the United States to Mexico of gas regulating equipment * * *" and further paragraph 43:

"The defendants and their confederates * * * agreed * * * to exert coercion, misrepresentation and unlawful persuasion upon all the plaintiff's American principals (namely Pressed Steel Tank Company, Hamler Boiler and Tank Company, and National Cylinder Gas Company) to cause the said principals, and each of them to cancel and terminate, simultaneously or nearly so, their employment and distributorship contracts with the plaintiff."

It is a fundamental principle in this kind of action that unless the conspiracy violates sections 1 or 2 of the Sherman Act, no action will lie under section 15 of the Clayton Act. Mitchell Woodbury Corp. v. Albert Pick-Barth Co., D.C.Mass., 1929, 36 F.2d 974. It is the intent and purpose which determines the legality of the conspiracy or combination. Loewe v. Lawlor, 1908, 208 U.S. 274, 28 S.Ct. 301, 52 L. Ed. 488, 13 Ann.Cas. 815. Further, the effect upon interstate commerce must be direct and not remote and must be the result of an intent to restrain interstate commerce. Abouaf v. J. D. & A. B. Spreckels Co., D.C.Cal., 1939, 26 F.Supp. 830.

From reading the first count of the complaint the court is of the opinion from the facts alleged that no intent and purpose to restrain or monopolize trade or commerce is shown or can be inferred. Purportedly, the sole aim of the alleged conspiracy was to terminate local distribution through plaintiff by putting plaintiff out of business and was not for the purpose of affecting the sale or transit of materials in foreign commerce. If the shipment of gas regulating equipment was curtailed, that result was incidental, indirect and remote and not within the Anti-Trust act. Albrecht v. Kinsella, 7 Cir., 1941, 119 F.2d 1003. The complaint is without circumstances to show that defendants in their conspiracy to deprive plaintiff of business were directing their scheme against interstate and foreign commerce.

For the foregoing reasons, the court sustains defendants' motion as to Count I of the plaintiff's complaint.

Count II of the complaint is based upon a common-law conspiracy. A common-law conspiracy is defined as a combination of two or more persons, by concerted action, to accomplish some criminal or unlawful purpose or some purpose not in itself criminal or unlawful by criminal or unlawful means. Vol. 8 Words And Phrases, Perm.Ed., page 96. A combination to induce others not to deal with plaintiff or enter into contracts with him is an actionable wrong since it is presumed that trade would have continued but for the wrongful acts complained of. 12 C.J. § 116, page 590, 15 C.J.S., Conspiracy, § 10.

Fundamentally, the nature of this type of action is not one for conspiracy, but is an action on the case and the gist of it is not the conspiracy, but the damage to the plaintiff by the wrongful acts of defendants. As was stated in Lasher v. Littell, 202 Ill. 551, 67 N.E. 372, 373: "As a matter of pleading, the charge of conspiracy is mere surplusage, and only entitled to be looked at as a matter of aggravation, and the insertion of the averment of it does not change the nature of the action at all."

Count II of the complaint states a claim under common-law conspiracy. Therefore, the court denies defendants' motion to dismiss said count.

Counts III and IV are claims for commissions due and owing on sales made by plaintiff under the contract of employment and sales made by defendant during the effective dates of said contracts. Defendants state the allegations of these counts show on their face that plaintiff has not complied with the terms of the contract setting forth the basis on which he is entitled to commissions. Interpretation of contract terms depends upon the meaning the parties attribute to them, their practice in applying them in past situations, and other factual questions. For this reason

the court is of the opinion that the counts should not be tested on pleadings alone and therefore denies defendants' motion to dismiss Counts III and IV.

■ Counts VI to VII, inclusive, are common counts for services rendered and expenses incurred from June 1, 1940 to April 10, 1944, the date of termination of service, and cover in part the period included in the written contracts of 1940 and 1942. Defendant asserts under the authority of Walker v. Brown, 28 Ill. 378, 81 Am. Dec. 287, that one cannot assert benefits under the contract and at the same time abandon or repudiate that contract and sue under the common counts on an implied contract. While the court agrees that such pleading does not make for simplicity, since the passage of the Federal Rules of Civil Procedure such practice is sanctioned.

In Venn-Severin Machine Co. v. John Kiss Sons Textile Mills, Inc., D.C.N.J. 1941, 2 F.R.D. 4, the court stated that inconsistent claims for rescission and for breach of contract may be joined in one pleading, but the party asserting them may be required to make an election at the trial. See also Kraus v. General Motors Corp., D.C., N.Y., 1939, 27 F.Supp. 537 and Catanzaritti v. Bianco, D.C., Pa., 1938, 25 F.Supp. 457. Rule 8(e) (2) states: " * * * A party may also state as many separate claims or defenses as he has regardless of consistency and whether based on legal or on equitable grounds or on both."

The court is of the opinion that the motion to dismiss these counts should be denied.

■ The complaint in this matter is forty printed pages in length. Although a number of the allegations are not essential to the statement of the claim, the court considers these to be matters of inducement included as background material to a clearer understanding of the relations of the parties to the suit.

An order not inconsistent with the above rulings may be presented for entry by the court. The defendants are granted thirty days from the entry of such order to file their answer to said complaint.