SMITH, Judge.
The plaintiff-appellee filed an amended complaint to set aside a deed given by his ward, prior to her adjudication of incompetency to the defendant-appellant, her grandson. The first count of the complaint alleges that the grantor in the deed was incompetent at the time of the execution of the deed. The second count alleges that the execution of the deed was obtained by the defendant by his exercise of undue influence on the grantor. The defendant moved to dismiss, and as an alternative to strike, upon the theory that the complaint alleges two utterly irreconcilable and mutually exclusive causes of action in the same complaint. The court denied both motions.
Rule 1.8(g), Florida Rules of Civil Procedure, 30 F.S.A. is as follows:
“(g) Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or *234 causes of action or defenses in the same right as he has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two or more causes of action are joined. A party may also set forth two or more statements of a claim or defense alternatively, either in one count or defense, or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would he sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency, and whether a defense be based on legal or on equitable grounds, or on both. All pleadings shall be construed so as to do substantial justice.”
The above rule is modeled from and to the same effect as Rule 8(e) (2), Federal Rules of Civil Procedure, 28 U.S.C.A. The appellant contends that the decisions of our courts holding, in effect, that a contention in a will contest of undue influence concedes the existence of testamentary capacity as in Gardiner v. Goertner, 1932, 110 Fla. 377, 149 So. 186, necessarily limits the language of the rule. In support, appellant cites authority dealing with the question of election of remedies in the course of a trial. Holden v. American News Company, D.C., 52 F.Supp. 24. We find these contentions are not controlling here.
Alternative or hypothetical pleading by its very nature is inconsistent. This however, is not a valid objection. Whether or not a party pleads one claim alternatively or hypothetically in a single count or pleads the claim formally as separate claims in two or more counts is largely one of choice. The inconsistency may lie either in the statement of the facts or in the legal theories adopted. 2 Moore’s Federal Practice, 1707. A complaint alleging actual authority and apparent authority, Carroll v. Morrison Hotel Corporation et al., 7 Cir., 149 F.2d 404, and a complaint based upon a written contract and a claim abandoning the contract, Neumann v. Bastian-Blessing Company, D.C., 71 F.Supp. 803, were upheld under the Federal Rule. In a suit on a note a defense of joint venture and usury, Griffin v. Kelly, Fla.1957, 92 So.2d 515, was sustained.
The two legal theories forming the basis of this complaint are permitted under our rules. Finding no error, the order is affirmed.
Affirmed.
ICANNER, Acting C. J., and WHITE, J., concur.