HORTON, Judge.
This interlocutory appeal is from an order denying the appellant’s motion to dismiss an amended complaint for declaratory relief. The cause was submitted for determination without oral argument.
The sole question at issue here is whether or not the amended complaint states a cause of action for declaratory relief. We conclude that it does not.
The amended complaint to which the appellant’s motion to dismiss was directed alleged in substance that the appellant was appointed the guardian of Etta Saks, an incompetent, on the 11th day of May, 1959; that four months prior thereto, on the 17th day of January, 1959, Etta Saks had *896 executed a deed to the appellant of certain real property located in Dade County, Florida. It was further alleged that prior to the execution of this deed, Etta Saks executed a deed to her son, Irwin Saks, which deed had been set aside at the suit of the appellant upon the grounds that such deed was the result of fraud and duress practiced upon Etta Saks at a time when her mind was impaired and she was incapable of managing her property. The appellee here is the guardian ad litem appointed by the county judge for the purpose of bringing this action to determine the validity of the conveyance made by the incompetent prior to such adjudication. There are no facts alleged in the complaint upon which a conclusion could be based that the deed was void or voidable. There is a presumption in favor of the validity of the deed as well as the sanity of the grantor until overcome by a preponderance of the evidence. Before, however, such a presumption can be attacked, there must be sufficient allegations upon which to base the giving of testimony or the submission of evidence. See Hassey v. Williams, 127 Fla. 734, 174 So. 9; cf. Mather-Smith II v. Fairchild, Fla.App.1961, 135 So.2d 233. The mere allegation that a person, prior to their adjudication of incompetency, made a conveyance of real property, does not per se establish a cause of action or a premise upon which to authorize evidence to set aside the conveyance.
The complaint does allege that the ap-pellee, as guardian ad litem, conducted an investigation to determine whether or not the incompetent was capable of executing the deed to appellant and that such investigation revealed “probable cause” to question the validity of the conveyance. The prayer for relief is that the court determine the validity of the conveyance. The mere fact that a prior conveyance by the incompetent to her son was set aside by the very party who subsequently obtained a conveyance is not allegation or proof of the existence of fraud and duress or that the incompetent’s mind was impaired at the time of the conveyance in question.
Although the declaratory decree statute is broad in scope and application, nevertheless the rules of pleading require that sufficient facts be stated in a complaint to apprise the defendant of what it is that the plaintiff complains so that he may make such defense as he may have. Rule 1.8(b) F.R.C.P., 30 F.S.A.
It may be that the appellee can state a cause of action, but the amended complaint as it now stands does not. The chancellor is at liberty to permit the filing of amended pleadings as he shall deem meet and proper under the circumstances.
Accordingly, the order appealed is reversed with directions to grant the appellant’s motion and dismiss the amended complaint.
Reversed with directions.
CARROLL, J., dissents.