HENDRY, Judge.
This is an appeal from an order of the circuit court denying a petition for writ of certiorari.
The petitioner was relieved of his duties as a police officer by the chief of police as a result of certain charges brought against him. The Personnel Board of the City of Miami Beach made the following findings on appeal :
“[T]hat on February 15, 1962, the said Murray Lenchner, while a police officer of the city of Miami Beach, Florida, knew that the premises known as Apartment ;#5, 1236 Drexel Avenue, Miami Beach, Florida, were being used for gambling operations, to wit, the taking of bets upon horse races, contrary to and in violation of laws of the State of Florida and the ordinances of the City of Miami Beach, and did fail to arrest the person or persons conducting said gambling operations and did intentionally refrain from notifying his superior officers of the gambling operations being conducted at said premises.
“That the said employee has been guilty of disgraceful conduct within the meaning and contemplation of Rule X, Section .No. 2(b) 7 of the Personnel Rules of the City of Miami Beach, Florida.
“Based upon the foregoing, the Personnel Board of the City of Miami Beach, Florida does hereby find that the charges against said Murray Lenchner, as contained in the written notice hereto attached are true and the appeal of such employee is hereby denied.”
The petitioner then filed a petition for writ of certiorari in the circuit court urging, in substance, as follows: (1) that the Personnel Board departed from the essential requirements of the law by admitting hearsay evidence; (2) that the findings of the Personnel Board are not supported by competent and substantial evidence, and (3) that the act of the chief of police in depriving the petitioner of his position was void and illegal for failure to comply with the provision of the charter of the city of Miami Beach.
The petitioner’s contentions were found by the circuit court to be without merit for the reasons set forth in the following order entered by Judge William A. Meadows, Jr-:
“A final hearing was held on the above cause. After hearing argument of counsel for the petitioner and counsel for the respondent and having examined the file herein and being otherwise fully advised I find upon due consideration thereof that there has been shown no violation of the petitioner’s constitutional rights; that there is no merit to the points raised by the petitioner; that all of the evidence presented to the Personnel Board of the City of Miami Beach was not *769 presented to this Court for consideration contra to the mandate in Nelson v. State (Fla.Supreme Court 1956) 85 So.2d 832, but that nevertheless even on the partial record sufficient competent substantial [evidence] appears to support the findings of the Personnel Board.
“It is therefore the order of this Court that the petitioner has failed to show that the essential requirements of the law were violated by the Personnel Board of the City of Miami Beach and the petition for writ of certiorari be and it is hereby denied.”
The circuit court’s order denying the petition for writ of certiorari is here on appeal. Substantially the same points are being urged as were urged by the appellant in his petition for writ of certiorari in the circuit court.
Under Florida Appellate Rule 4.5, subd. c(l), 31 F.S.A. relative to certiorari, the petition shall be accompanied by a certified transcript of the record of the proceeding petitioner seeks to have reviewed or so much thereof as is essential.
The record which the circuit court had before it, and that which is before this court, contains numerous exhibits and a transcript of the testimony of several witnesses who appeared before the Personnel Board. We concur with the trial judge that the record contains sufficient competent evidence to support the findings of the Personnel Board but was insufficient to afford an opportunity to review the alleged errors urged by the petitioner since they were based upon eviden-tiary matters not included in the record.[1]
It is a fundamental premise in appellate procedure that an order of the lower court comes to us with a presumption of correctness and that the burden is upon the appellant to show that it is erroneous. This the appellant has failed to do. Therefore the order appealed must be and it is hereby affirmed.
Affirmed.

. See Johnson v. Roberts, Fla.1955, 79 So.2d 425; Cohen v. Cohen, Fla.1954, 70 So.2d 362, 363.