174 So.2d 106 (1965)
AMERICAN FIDELITY FIRE INSURANCE COMPANY, a corporation, Appellant,
v.
George CLARK, Sr., and Rosa Carswell Clark, his wife, Appellees.
No. 64-833.
District Court of Appeal of Florida. Third District.
April 13, 1965.
Rehearing Denied May 10, 1965.
Fuller & Brumer and Kenneth L. Ryskamp, Miami, for appellant.
Sydney L. Weintraub and Joseph H. Weil, Miami, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and SWANN, JJ.
SWANN, Judge.
This is an appeal by the appellant (plaintiff) from a final judgment on the pleadings in favor of the appellee (defendant).
Plaintiff filed a Complaint for Declaratory Decree, seeking a determination that the plaintiff was not liable to the defendants on the uninsured motorist coverage included in a policy of insurance issued by the plaintiff to the defendants.
The defendants in this cause were the mother and father of a minor son, the mother being the "principal named assured" under the policy.
The trial court held that the matter was controlled by Zeagler v. Commercial Union Insurance Co. of N.Y., Fla.App. 1964, 166 So.2d 616, and ruled for the appellees.
The appellant appealed and claimed the following errors:
1. The court erred in permitting the appellee to maintain a claim for wrongful death under the uninsured motorist clause.
2. The court erred in failing to consider evidence regarding appellant's claim that the damages did not arise out of "ownership, maintenance or use" of the uninsured vehicle.

*107 3. The award of attorneys' fees was grossly excessive.
The appellant has abandoned its argument concerning the propriety of the allowance of attorneys' fees; therefore, no ruling is required on this point.
Appellant also candidly admitted that this case would be controlled by the Supreme Court's decision on a petition for certiorari which had been filed in the Zeagler case, supra.
The Supreme Court denied certiorari in the Zeagler case, Commercial Union Insurance Co. of N.Y. v. Zeagler, Fla. 1965, 172 So.2d 450. (Opinion filed March 3, 1965). Accordingly, that portion of the decree appealed from is affirmed.
The last matter to be considered is the claim of appellant that the damages allegedly incurred did not arise out of the "ownership, maintenance or use" of the uninsured vehicle.
The complaint contained, inter alia, the following allegations:
"2. That at all times material hereto, the policy contained certain family protection coverage whereby the Plaintiff agreed:
"`I. DAMAGES FOR BODILY INJURY CAUSED BY UNINSURED AUTOMOBILES: To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called `bodily injury', sustained by the insured caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile; provided, for the purposes of this endorsement, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.'
* * * * * *
"7. The Plaintiff contends:
"(a) That the damages complained of by the Defendants did not arise out of the operation of an uninsured motor vehicle as intended under the provisions of Chapter 627.0851 of the Florida Statutes."
These allegations are the only reference in the complaint to the ownership, maintenance or use of the vehicle, and amount to conclusions of law and do not reflect any "factual allegations" to be determined by the trial court.
This Court has recently ruled in the case of Saks v. Smith, Fla.App. 1962, 145 So.2d 895, "although the declaratory decree statute is broad in scope and application, nevertheless the rules of pleading require that sufficient facts be stated in a complaint to apprise the defendant of what it is that the plaintiff complains so that he may make such defense as he may have."
The decision of a chancellor comes to this court with a presumption of correctness. First Atlantic National Bank v. Cobbett, Fla. 1955, 82 So.2d 870; Groover v. Simonhoff, Fla.App. 1963, 157 So.2d 541; Lenchner v. City of Miami Beach, Fla.App. 1963, 156 So.2d 767.
There has been no showing of error, or of an abuse of discretion by the trial court. Therefore the appeal here under review is affirmed.