241 So.2d 756 (1970)
Malcolm D. OGDEN, Gladys K. Ogden, and Ke-Og Farms, Inc., a Florida Corporation, Appellants,
v.
Chuck GROVES, Appellee.
No. K-369.
District Court of Appeal of Florida, First District.
December 8, 1970.
*757 Joseph C. Jacobs and Burnis T. Coleman, of Ervin, Pennington, Varn & Jacobs, Tallahassee, for appellants.
Gene D. Brown, of Horne, Rhodes & Lamb, Tallahassee, for appellee.
PER CURIAM.
Appellants were defendants and counterclaimants below in a suit against them based upon oral contractual agreements which resulted in a judgment in favor of appellee in the amount of $3,045.00.
It appears that in November or December of 1966, pursuant to an oral contract between appellee and appellants, appellee moved onto the property of Ke-Og Farms, Inc. Appellee was to furnish appellants general farm services and horse training in return for certain living facilities and other benefits to be furnished by appellants. Sometime in 1967, another oral contract was entered into whereby appellee was to provide personal supervision of various contracts to cut and bale hay and one or all of the appellants were to furnish equipment and provide for expenses incurred in the operation. Appellee presented proof at trial that he was to receive certain compensation, to wit, one-half of the gross receipts either in hay or in cash for all hay baled, for his work before the payment of appellants' expenses. The appellants presented proof to show that appellee was to receive no compensation until all of the appellants' expenses were paid. An attorney who had represented all the parties at one time and who was present at one of the conferences between the parties testified in support of appellee's version of the second oral contract. After hearing this conflicting testimony the court, sitting without a jury, entered a judgment holding that appellee was entitled to recover nothing under the farming and horse training agreement, but that appellee was entitled to recover $3,045.00 from all the appellants under the haying agreement.
*758 During the course of the trial, appellants moved to dismiss the complaint against appellants Gladys K. Ogden and Ke-Og Farms, Inc., on the grounds that they were not parties to the oral agreements entered into between appellee and appellant Malcolm D. Ogden. Appellants assign as error the denial of this motion and the allowance of testimony from the attorney.
Taking the latter point of appeal first, we are of the opinion that no error was committed in admitting the testimony of the attorney who had previously represented all the parties. The law on this point is clear in Florida. As stated in Dominguez v. Citizens' Bank and Trust Co., 62 Fla. 148, 56 So. 682, 683 (1911):
"It is doubtless the law that, where an attorney represents both or all the parties in a transaction, conversations and transactions between such parties in the presence of the attorney and each other are not privileged conversations, but such attorney may be required to testify to such conversations and communications * * *"
During the attorney's testimony, the record shows that the trial judge was extremely careful not to allow the attorney to relate any private statements or conversations made by any of the parties to him. Rather, his testimony was limited to statements made by the parties in the presence of each other. Such statements are not privileged communications and no error was committed in allowing this testimony from the attorney. The reliability of said testimony went to the weight to be afforded it and not to its admissibility.
Turning now to the question of whether the motion to dismiss the complaint against Mrs. Ogden and Ke-Og Farms, Inc. should have been granted, we feel that this question must be answered affirmatively. We are not unmindful of the rule that the findings of fact made by a court sitting as a trier of both law and facts are entitled to the same weight as the verdict of a jury and should not be disturbed unless clearly unsupported by the evidence. Zakutney v. Zakutney, 151 So.2d 299 (Fla.App.3rd, 1963). However, our examination of the record in this case leads us to conclude that the evidence supports appellants' position that neither Mrs. Ogden nor Ke-Og Farms were parties to the second oral contract upon which the judgment was based. Both appellee and appellant Malcolm Ogden testified at trial that the second oral contract regarding the haying operation was made solely by them and not in the presence of Mrs. Ogden. As there was no clear evidence that appellants Gladys K. Ogden and Ke-Og Farms, Inc. were parties to this second agreement, appellants' motion to dismiss the complaint as to them should have been granted with respect to the agreement regarding the haying operation. This is not to say that the trial court erred as to its findings that appellee was entitled to recover $3,045.00 under that contract. It is only to say that the appellant Malcolm Ogden is solely responsible for said money judgment.
Appellee contends that the trial court correctly denied the motion to dismiss because the appellants specifically admitted and alleged in their pleadings that the agreements were entered into between appellee and all three appellants. Appellee cites the general rule that a party is bound by the admissions and allegations contained in his pleadings and cannot take a position inconsistent with these admissions and allegations at the time of trial. Pacific Mills v. Hillman, 87 So.2d 599 (Fla. 1956). A review of the pleadings and the applicable law requires a conclusion that this argument is not well founded. While it is true that appellants filed a counterclaim wherein it was stated that "counterdefendant and counterclaimants did in 1967 orally agree on hay cutting operations for third parties * * *", it is also true that in their answer to the complaint, appellants denied those allegations which made reference to the baling of hay.
*759 It is clear in Florida that a party may state as many separate claims or defenses as he has irrespective of consistency and regardless of whether the claim is based on legal or equitable grounds or both. Florida Rules of Civil Procedure, Rule 1.110(g), 30 F.S.A. The inconsistency permitted in pleadings may be either in the statements of the facts or in the legal theories adopted. Mather-Smith, II v. Fairchild, 135 So.2d 233 (Fla.App.2d, 1961). A defendant may both deny the plaintiff's action and seek relief by counterclaim, and the assertion of a counterclaim does not operate as an admission of the plaintiff's claim. 8 Fla.Jur., "Counterclaim," § 40. The pleadings in a cause are merely a tentative outline of the position which the pleader takes before the case is fully developed on the facts through discovery and evidence introduced at the trial. Vann v. Hobbs, 197 So.2d 43 (Fla.App.2d, 1967). As stated by this Court in Hines v. Trager Construction Co., 188 So.2d 826, 831 (Fla. App. 1st, 1966):
"* * * Such form of pleading permits the pleader maximum freedom in the development of his case, and permits his claim for relief or defense to be adjudicated on facts which are developed by discovery and evidence introduced at the trial rather than on the pleadings filed in the cause. The salutary purpose of the rule would be emasculated if not completely destroyed if the allegations of fact contained in an alternative and inconsistent statement of a cause of action or defense could be used in evidence against the pleader as proof of the facts alleged in such pleading * * *"
For the foregoing reasons, the final judgment on appeal is affirmed as to Malcolm D. Ogden and reversed as to Gladys K. Ogden and Ke-Og Farms, Inc.
It is so ordered.
JOHNSON, C.J., and CARROLL, DONALD K., and RAWLS, JJ., concur.