BOYD, Justice.
This cause is before us on appeal from the Circuit Court, Hillsborough County, to review the order of that Court denying petition for writ of certiorari and upholding the constitutionality of Chapter 63-1386, Laws of Florida.
The appellant, Florida Cities Water Company, applied to the Board of County Commissioners, Hillsborough County, for authority to increase its rates and charges for water and sewer service rendered in its Carrollwood Division in Hillsborough County. Hearing was held and the Commission entered an order effective September 15, 1969, denying the application but prescribing certain increased rates and charges for the appellant. Appellant filed exceptions which were denied by the Board. Appellant then petitioned the Circuit Court for writ of certiorari to review the Board’s actions.
The Circuit Court denied certiorari, specifically upholding the constitutionality of Chapter 63-1386, Laws of Florida, and the *738 rules and regulations of the Board of County Commissioners relating to the regulation of water and sewer utilities. The Statute in question gives authority to the Board of County Commissioners:
“[T]o fix reasonable rates and fees to be charged the users of such water and/or sewage facilities and to establish such reasonable rules and regulations as said Board may deem necessary to protect the public health and general welfare of the inhabitants of Hillsborough County.” [1]
In upholding the Act, the Circuit Court stated:
“Chapter 63-1386 is a local law, but in general legislation the legislature has granted rate making authority to the Public Service Commission over motor carriers, railroad companies, telephone companies, natural gas and electric power companies, and others. In each of these legislative enactments, the rate making authority has been expressed in substantially the same language as that of Chapter 63-1386. The rate making authority of the Public Service Commission has been consistently upheld by the Florida Supreme Court and this Court finds no undue delegation of legislative power in the rate making authority given to the Board of County Commissioners of Hills-borough County.”
The Circuit Court also rejected appellant’s contention that it is denied equal protection of the law in that some utility
companies are regulated by the Public Service Commission under the provisions of Florida Statutes, ch. 367, F.S.A., whereas Hillsborough County applies a separate set of rate making principles under the local law. The Circuit Court recognized differences existing in the method of establishing the value of a utilities rate base. Hills-borough County establishes a rate base and allows the utility a return on the original cost of the system to the person first dedicating it to public service. Customers’ contributions are not allowed. Companies regulated pursuant to Chapter 367, on the other hand, have a rate base established on the value of the system either as of September 1, 1967, or, if it came under the jurisdiction of the Public Service Commission at a later date, the fair value of the system at that time.[2] Once the initial rate base has been established, the Public Service Commission utilizes original cost in establishing additions to the rate base. Under the Chapter 367 method of regulation, companies have the benefit of including customer contributions in their rate base. The Circuit Court found that these distinctions in rate-making principles do not violate the principle of equal protection of the law.
The Circuit Court also found that there were adequate findings of fact to support a rate of return to appellant, ranging from 6.5% to 8% and that this constituted a reasonable rate of return on appellant’s investment. The Court found that the rates allowed were sufficient to reimburse appellant for its operating costs, plus a return on investment.
[ 1, 2] After argument and upon careful consideration of the briefs and record be *739 fore us, we find no reason to disturb the holding of the Circuit Court herein. Under Chapter 63-1386, and Chapter 367, Florida Statutes, F.S.A., the key word in fixing rates is “reasonable.” A reasonable rate under both acts can only be one which allows a fair net return on the investment. That different methods are used in arriving at what is a reasonable rate does not constitute a denial of equal protection of the law.
We hold that Chapter 63-1386 is constitutional. There are adequate findings to justify the rates allowed and these rates are reasonable.
Accordingly, the decision below is affirmed.
It is so ordered.
ROBERTS, C. J., and ERVIN, CARLTON and DREW (Retired), JJ., concur.

. Florida Laws, Chapter 63-1386: “The Board of County Commissioners of Hills-borough County is hereby authorized and empowered to supervise and control the methods and means of providing water systems and sewer systems by any person, firm or corporation within Hills-borough County and outside the corporate limits of any municipality as said Board deems advisable; to grant franchises in unincorporated communities in Hills-borough County to persons, firms or corporations applying therefor for the purpose of installing, operating and maintaining a water system or sewer system and to provide that such franchises may be exclusive or non-exclusive for such a term of years as said Board may deem to be in the public interest, and to fix reasonable rates and fees to be charged the users of such water and/or sewage facilities. * * * ” (Emphasis supplied.)

. Fla.Stat. § 367.12 (1969), F.S.A.