HENDRY, Judge.
The most salient question presented here is whether the “investment” method or theory used in ascertaining utility rates followed by the Metropolitan Dade County Water and Sewer Board and embodied in Ch. 32, Code of Metropolitan Dade County, violates due process and equal protection under the Fourteenth Amendment and the Declaration of Rights of the 1885 Florida Constitution. We reject this broad constitutional challenge and hold that the investment method or theory herein challenged is constitutional as a matter of law. U.S. Const., Amend. XIV; Declaration of Rights § 12, Fla.Const. (1885), 25 F.S.A.
In 1967 this court entertained an appeal from denial of the circuit court of a petition for writ of certiorari in Westwood Lake, Inc. v. Metropolitan Dade County Water & Sewer Board, Fla.App.1967, 203 So.2d 363, and remanded that cause with directions. Subsequently further proceedings were conducted.
Plaintiff Westwood Lake, Inc. (“West-wood”) then filed the instant suit seeking a declaratory judgment and injunctive relief to test the constitutionality of Ch. 32, and especially §§ 32-18 and 32-65 (c), Code of Metropolitan Dade County. The defendants were Metropolitan Dade County (“County”), the Metropolitan Dade County Water and Sewer Board (“Board”), and individual members of the Board. Florida Water and Utilities, Inc. participated as amicus curiae in the suit below. The circuit court held: the “investment” method *157 of utility regulation is not violative of the Federal or Florida Constitutions; the utility is not denied equal protection of the law because it is regulated in a manner differing from the regulation of utilities in other jurisdictions; Ch. 32, Code of Metropolitan Dade County unequivocally requires the use of the “investment” method; and the police power, as exercised through Ch. 32, Code of Metropolitan Dade County, authorizes and requires the Board to exclude customer contributions from the rate base, including such contributions made before the Board’s creation, and such policy does not violate due process.
Upon the entry of the above adverse final judgment on the pleadings, Westwood appealed to the Florida Supreme Court. A suggestion of lack of jurisdiction was filed by the defendants. Thereupon, by an order dated May 20, 1970, the Supreme Court transferred the appeal from the final judgment on the pleadings entered in the declaratory judgment action to this court.
Westwood is a utility company which provides water and sewerage services to certain areas of Dade County. It had furnished such services for several years prior to the creation of the Board.
Dade County by ordinance in 1960 created the Board to regulate utilities; this ordinance has been amended periodically and is codified in Ch. 32, Code of Metropolitan Dade County. See Ch. 367, Fla.Stat., F.S. A., esp. § 367.23.
Section 32-18, Code of Metropolitan Dade County provides:
“VALUATION OF UTILITY PROPERTY OR SYSTEM. The board, after public hearing, may ascertain and fix the fair value of the whole or any part of the property or system of any public utility as herein defined, insofar as may be necessary or desirable to the exercise of the board of its jurisdiction under this chapter. (Ord.No. 60-20, § 5(h), 7-5-60)” (Emphasis added)
Section 32-65 (c) of the Code states:
“(c) Investment basis of fixing rates. In fixing and determining just and reasonable rates and charges the board shall investigate and determine the actual legitimate costs of the property of each public utility, actually used and useful or having present value for future use in the public service, which costs as determined by the board shall be utilized for rate-making purposes, and shall be the money honestly and prudently invested by the public utility in such property used and useful in serving the public, less accrued depreciation, and shall not include any good will or going concern value in excess of payments made therefor.” (Emphasis added)
The Board urges that § 32-65 (c) requires the use of the “investment” theory of valuing the rate base, and that under such theory any contributions to the utility in aid of construction should be excluded from the rate base. In contrast, the utility urges that the “fair value” theory should be employed.
Westwood is the sole owner of the property in question and it is being used to provide utility services to the public. Water and sewer lines costing $1,624,757, were installed and paid for by the utility to serve the subdivision of which it was also the developer.
Under the fair value theory of valuing the rate base, the utility contends that value of Westwood’s system is $5,177,003, as established by evidence. About $5,000,000 of the property owned and used by West-wood in providing utility services is composed of depreciable assets which are subject to wear, and must be eventually replaced.
The Board allows a deduction for accumulated allowance for depreciation. The Board denies inclusions of contributions in aid of construction from a utility’s rate base.
Westwood argues that the “investment theory” as defined by the Board deprives *158 Westwood of its property without just compensation. Specifically, it deprives Westwood of a reasonable income from the property it owns and it denies West-wood the right to recover such property’s actual depreciation as it is consumed through use.
The three theories of utility regulation are explained at 43 Am.Jur. “Public Utilities and Services” § IOS, pp. 646-647 (1942) and 73 C.J.S. Public Utilities' §§ 17-19, pp. 1013-1031 (1951). One is the “fair value” or “present value” theory; another the “cost-to-reproduce” or “replacement cost” theory; and the last the “original cost” or “prudent investment theory.”
Dade County has adopted the prudent investment theory in enacting Ch. 32, Code of Metropolitan Dade County. Southern Gulf Utilities, Inc. v. Metropolitan Dade County Water and Sewer Board, 24 Fla.Supp. 60 (Dade County Cir.Ct., 1964), aff’d, Fla.App.1965, 180 So.2d 481.
Court and commission decisions holding that contributions in aid of utility construction must be excluded from the rate base have been virtually uniform. 1 A.J.G. Priest, Principles of Public Utility Regulation p. 177 (1969), citing cases; Southern Gulf Utilities, Inc., supra; Florida Cities Water Company v. Board of County Commissioners, Hillsborough County, Fla.1971, 244 So.2d 737.
Westwood’s second point on appeal is that the lower court erred in entering a judgment on the pleadings. Judgments on the pleadings are authorized in declaratory judgment actions. American Fidelity Insurance Company v. Clark, Fla.App.1965, 174 So.2d 106. Westwood’s rights under Ch. 32 of the Code of Metropolitan Dade County were declared by the court below and no error has been made to appear as to such declaration.
For the reasons stated, the judgment appealed is affirmed.
Affirmed.