PEARSON, Judge.
The appellant claimed injury and a right to compensation under the uninsured motorist provision of her insurance policy issued by the appellee, The Ohio Casualty Company. After Ohio Casualty denied coverage, and the appellant filed a demand for arbitration, Ohio Casualty filed a pleading in the circuit court entitled “Application and Motion for Stay Order under F.S. 682.03”. This petition contained a prayer for relief as follows:
“WHEREFORE, the Applicant moves that a stay order be issued by the Court to stay the arbitration proceedings' begun by the Respondents until the issues between the parties or [sic] heard by this Court and this Court issues its final order.”
*713 Service was perfected upon the appellant and she failed to respond. Default was entered on the same day that the court entered a temporary stay order in accordance with the prayer of the petition. Eighteen days after the entry of the default the appellant filed a motion to set aside default upon the ground that she had not understood the importance of the petition or that it required an answer. After hearing, the motion to set aside default was denied. The trial court entered a final judgment which not only reaffirmed the temporary stay order already granted but proceeded to decide the issue of coverage under plaintiff’s policy.[1] Thereafter the appellant moved to vacate the final judgment on the ground that the relief granted was not within the prayer of the petition and that she had thereby been denied the right to litigate the issue of coverage. Appellant’s motion to vacate was denied and this appeal followed. We reverse upon a holding that the issue of coverage was not properly presented in the petition and that therefore the appellant was not put on notice to defend the issue of coverage. See American Fidelity Fire Insurance Company v. Clark, Fla.App.1965, 174 So.2d 106; Saks v. Smith, Fla.App.1962, 145 So.2d 895.
The judgment is reversed and the cause is remanded with directions to set aside the default entered against the appellant and to allow a reasonable time for appellant to answer,
Reversed and remanded.

. * * * * *
“1. There is no coverage under the uninsured motorist coverage provisions of the policy of insurance issued by the Ohio Casualty Company to Rene Galera for the accident occurring on December 18, 1970, which occurred when Rene Galera was driving a 1964 Plymouth station wagon on N.W. 42nd Avenue in the City of Opa Loeka, Florida.”
* * * ⅜ *