WETHERELL, J.
Appellant seeks review of the trial court’s order denying her motion to dismiss a complaint for declaratory judgment filed by “Estate of Raymond L. Syfrett” (Estate), as well as the order entering summary judgment in favor of the Estate. We reverse and remand for further proceedings.
*1128 On January 7, 2011, the Estate filed a two-page, seven-paragraph “Complaint for Declaratory Judgment” alleging that Raymond L. Syfrett (the decedent) owned two units at Sun Harbor Marina; that he transferred those units to Appellant and Raymond Lewis Syfrett (Raymond[1]) on November 1, 2005; that one of the units, Unit 265, was sold for back taxes in 2008; and that the transfer of Unit 265 was “in error and/or invalid.” The complaint further alleged that “[t]his action is to determine the rightful owner of [Unit 265] prior to the tax deed transfer.” The relief sought in the complaint is “an order determining the transfer of Unit # 265 prior to the tax deed sale invalid and that the [Estate] was the owner of said parcel at the time of decedent’s death.” The complaint did not challenge the tax deed sale or allege that the Estate was now the lawful owner of the unit, nor did the complaint include any allegations explaining why the 2005 transfer was invalid or why the Estate presently needed a declaration as to the lawful owner of Unit 265 in 2005, six years prior to the filing of the complaint and three years prior to the tax deed sale.
The plaintiff named in the complaint was the Estate, not either of the co-personal representatives of the Estate. The complaint was filed by Clayton R. Syfrett, who is an attorney and one of the co-personal representatives of the Estate, but the signature block on the complaint reflects that Mr. Syfrett filed the complaint as “Attorney for Plaintiff [the Estate]” not in his capacity as a co-personal representative. However, at the hearing on the motion for summary judgment, Mr. Syfrett stated that he was only representing himself as co-personal representative, and another lawyer appeared at the hearing on behalf of the other co-personal representative, Appellee Elizabeth Syfrett-Moore,[2] even though Ms. Syfrett-Moore was not identified in any of the pleadings.
On July 5, 2011, Appellant filed a motion to dismiss the complaint for failure to adequately state a claim for declaratory relief. Among other things, the motion pointed out that none of the deeds referenced in the motion were attached to the complaint and that only one of the co-personal representatives filed the complaint. The motion also noted that the decedent’s probate case was still open and therefore the dispute framed by the complaint should be considered as an adversary proceeding in the probate case. The motion sought an order dismissing the complaint or requiring the Estate to amend the complaint to address the pleading deficiencies.
Appellant did not set the motion to dismiss for a hearing until March 21, 2012, and by that time, the Estate had filed a motion for summary judgment. The Estate argued in the motion for summary judgment that the decedent was not of sound mind when he transferred Unit 265 to Appellant and Raymond and, therefore, the Estate was entitled to a declaration that it was the lawful owner of the unit at the time of the decedent’s death. Attached to the motion were affidavits from the decedent’s brother, Frank Syfrett, M.D., and H. Cranston Pope, the attorney who prepared the deed transferring Unit 265. In his affidavit, Dr. Syfrett opined “as a physician and as someone who knew *1129 [the decedent] his entire life” that the decedent was not of sound mind and was incapable of making competent decisions on November 1, 2005, due to his pain and medication levels. Mr. Pope stated in his affidavit that the decedent was “extremely weak and feeble and clearly medicated” when he signed the deed but expressed “no opinion one way or the other” whether the decedent had sufficient ability to fully understand what he was doing when he signed the deed transferring Unit 265 to Appellant and Raymond. Appellant did not file a response in opposition to the motion, but she did file her own affidavit, which among other things, challenged the Estate’s evidence that the decedent was not competent to execute the deed.
The trial court heard the motion to dismiss and the motion for summary judgment at the same hearing. It was not until this hearing that the Estate explained why it was seeking a declaratory judgment. Specifically, counsel for the Estate indicated that the complaint was filed because the county was holding proceeds from the tax sale on Unit 265 and that the Estate had filed a claim for those proceeds. Counsel also made clear that the Estate was not seeking a declaration as to the other units transferred to Appellant and Raymond, nor was it challenging the tax deed sale or making any claim as to the present ownership of Unit 265.
On August 1, 2012, the trial court entered separate orders denying the motion to dismiss and granting the Estate’s motion for summary judgment. The summary judgment order indicated that the only evidence presented to the court showed that the decedent was incompetent when he executed the deed. Accordingly, the trial court declared that the conveyance of Unit 265 to Appellant and Raymond was invalid and that the Estate was the the owner of the unit at the time of the decedent’s death. Appellant timely appealed.[3],[4]
We review de novo the trial court’s rulings on Appellant’s motion to dismiss and the Estate’s motion for summary judgment. See Fla. Bar v. Greene, 926 So.2d 1195, 1199-1200 (Fla.2006).
The purpose of a declaratory judgment is “to afford parties relief from insecurity and uncertainty with respect to rights, status and other equitable or legal relations.” Santa Rosa Cnty. v. Admin. Comm’n, 661 So.2d 1190, 1192 (Fla.1995) (citing Martinez v. Scanlan, 582 So.2d 1167, 1170 (Fla.1991)). When the dispute involves the interpretation of a deed such as in the instant case, a party may seek declaratory relief pursuant to section *1130 86.021, Florida Statutes. To state a claim for declaratory judgment, the plaintiff must allege:
that there is a bona fide, actual, present practical need for the declaration; that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interest are all before the court by proper process or class representation and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.
May v. Holley, 59 So.2d 636, 639 (Fla.1952).
Here, we agree with Appellant that the complaint did not meet this pleading standard. First and foremost, the complaint failed to include any allegations explaining the Estate’s “bona fide, actual, present practical” need for a declaration as to the lawful owner of Unit 265 in 2005, six years prior to the filing of the complaint and three years prior to the tax deed sale. Second, the plaintiff designated in the complaint was the Estate, not the co-personal representatives of the Estate. See § 733.612(20), Fla. Stat. (2010) (providing that the personal representative has the legal authority to prosecute or defend for the estate). Third, the complaint does not provide any support for the conclusory allegation that the deed transferring Unit 265 was “in error and/or invalid.” Cf. Saks v. Smith, 145 So.2d 895 (Fla. 3d DCA 1962) (reversing order denying motion to dismiss declaratory action challenging validity of deed because the complaint did not include sufficient allegations to overcome presumption of the validity of a deed and the sanity of the grantor). And, fourth, none of the deeds or other documents referenced in the complaint were attached to the complaint. See Fla. R. Civ. P. 1.130(a).
Appellee argues that the complaint was adequately pled because it claimed doubt as to the Estate’s rights to Unit 265 and properly included Appellant and Raymond as defendants because they had a potential claim to the unit (and, potentially, the tax deed sale proceeds) which would be affected by the declaration. We are not persuaded by this argument because, as noted above, it was not until the summary judgment hearing that the Estate articulated its need for a declaration of its interest in Unit 265 in 2005; the complaint made no reference whatsoever to the proceeds of the tax deed sale.
Accordingly, we conclude that the trial court erred in denying the motion to dismiss. But even if that ruling were not erroneous, we would still be compelled to reverse because the trial court applied the wrong legal standard in ruling on the motion for summary judgment.
Generally, a defendant must serve a responsive pleading within 20 days of service of the complaint or “not later than the date fixed in a notice by publication.” Fla. R. Civ. P. 1.140(a). Here, Appellant and Raymond were served by publication and the published notice of action gave them “30 days after the first publication” to respond to the complaint. It is undisputed that the motion to dismiss was filed within that time period,[5] and pursuant to Florida Rule *1131 of Civil Procedure 1.140(a)(3), the motion tolled the time for service of an answer until the motion was disposed.
This tolling is important because the summary judgment standard changes under these circumstances: “a plaintiff moving for summary judgment before an answer is filed must not only establish that no genuine issue of material fact is present in the record as it stands, but also that the defendant could not raise any genuine issues of material fact if the defendant were permitted to answer the complaint.” BAC Funding Consortium Inc. ISAOA/ATIMA v. Jean-Jacques, 28 So.3d 936, 938 (Fla. 2d DCA 2010); accord Lehew v. Larsen, 124 So.2d 872, 873-74 (Fla. 1st DCA 1960) (explaining that “a summary judgment upon motion tendered before service of an answer should not be granted unless ... it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact; that a summary judgment should not be permitted to abruptly and rashly intercept the presentation of any defensive matter which the defendant might tender by answer”). Thus, because Appellant had not yet answered the complaint due to the tolling by her motion to dismiss, Appellee had to establish that there was no answer that Appellant could serve and no affirmative defense that she could allege which would raise an issue of material fact.
Appellee did not meet this burden. The decedent was presumed to be competent when he executed the deed,[6] and in her affidavit, Appellant questioned whether it was proper for the decedent’s brother to express a medical opinion as to the decedent’s competency and she also pointed out that Mr. Pope’s affidavit raised an issue of material fact as to whether the decedent was of sound mind because Mr. Pope was “the decedent’s estate planning attorney ... and is not willing to state one way or the other ... on the issue of whether his client/the decedent was of sound mind at the time in question.” Appellant’s affidavit, while perhaps insufficient to defeat a motion for summary judgment, is sufficient to demonstrate that Appellant may be able to raise disputed issues of material facts if she is permitted to answer the complaint. That is all that is required at this stage of the proceeding. See BAC Funding Consortium, supra; Lehew, supra.
Accordingly, for the reasons stated above, we reverse the order denying Appellant’s motion to dismiss, as well as the summary judgment order. This case is remanded for further proceedings consistent with this opinion. On remand, if the decedent’s probate case is indeed still open, the court may elect to consider the complaint in an adversary proceeding as part of the probate case. See Fla. Prob. R. 5.025(c).
REVERSED and REMANDED for further proceedings.
WOLF and VAN NORTWICK, JJ„ concur.

. Raymond, a minor, is the son of Appellant and the decedent.

. The notice of appeal originally designated the Estate as the Appellee, but Appellant subsequently filed an amended, and then a second-amended notice of appeal designating Ms. Syfrett-Moore as the Appellee. The other co-personal representative, Mr. Syfrett, was not referenced in any of the notices and has not participated in this appeal.

. Appellant separately appealed the order denying the motion to dismiss and the summary judgment order, which resulted in two cases in this court: 1D12-4216 and 1D12-4218. By order dated January 31, 2013, case number 1D12-4216 was dismissed as "duplica-tive” with a notation that “[rjeview of the ... Order Denying Defendants’ Motion to Dismiss shall proceed in appeal number 1D12-4218.”

. Appellant, a non-lawyer, purported to appeal on behalf of herself and Raymond, but by order dated June 11, 2013, Raymond was dismissed as an appellant after he failed to respond to this court’s order requiring him to obtain counsel. Cf. Magnolias Nursing & Convalescent Ctr. v. Dep’t of Health & Rehab. Servs., 428 So.2d 256 (Fla. 1st DCA 1982) (denying motion to dismiss appeal filed by out-of-state lawyer on behalf of corporation but stating that appeal would be dismissed sua sponte if the corporation did not obtain Florida counsel within 15 days), rev. denied, 449 So.2d 265 (Fla.1984); Whitehurst v. Wal-Mart, 306 Fed.Appx. 446 (11th Cir.2008) (construing Federal Rule 17(c) to preclude a parent from representing his/her child pro se in court); Fla. R. Civ. P. 1.210 Author’s Comments (noting that subsection (b) is identical to Federal Rule 17(c)).

. The first publication occurred on June 3, 2011, and the 30th day fell on Sunday, July 3, *1131 2011. The following day, July 4, 2011, was a legal holiday. Thus, the deadline for filing a responsive pleading was extended to July 5, 2011. See Fla. R. Civ. P. 1.090(a) (2011).

. See, e.g., Saks, 145 So.2d at 895 (citing Hassey v. Williams, 127 Fla. 734, 174 So. 9 (1937)).