FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

No. 1D18-4025

_____

FREDERICK WEBSTER,

    Appellant,

    v.

MARK S. INCH, Secretary,
Department of Corrections,

    Appellee.

_____


On appeal from the Circuit Court for Leon County.
Charles W. Dodson, Judge.

October 30, 2019


PER CURIAM.

    Appellant seeks review of the trial court's dismissal with prejudice of his amended complaint for declaratory judgment to determine the validity of section 944.17, Florida Statutes (2017), concerning commitment of prisoners to the custody of the Department of Corrections.  Appellant claimed that because section 944.17(5) fails to provide a cause of action for him to enforce the documentary requirements for the Department to "accept a person into the state correctional system," he is entitled to a declaration that the statute violates unspecified constitutional rights.  Because no error is shown in the trial court's order, affirmance is required.

The trial court correctly stated the elements required to maintain an action for declaratory judgment, including a "bona fide, actual, present practical need for the declaration." *May v. Holley*, 59 So. 2d 636, 639 (Fla. 1952); s*ee also Syfrett v. Syfrett-Moore ex rel. Estate of Syfrett*, 115 So. 3d 1127, 1129-30 (Fla. 1st DCA 2013). "[A]bsent a bona fide need for a declaration based on present, ascertainable facts, the circuit court lacks jurisdiction to render declaratory relief." *Santa Rosa Cnty. v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1193 (Fla. 1995).

The law applicable to the facts alleged by Appellant in his amended complaint precluded any showing of a bona fide, actual, present practical need for a declaration. Appellant specifically states that he is not challenging his judgment or sentence, properly recognizing that section 944.17 has no effect on these matters.

It is well-settled that a complaint for declaratory judgment must allege that "the plaintiff has a justiciable question as to the existence or nonexistence of some right, status, immunity, power or privilege" and that "the plaintiff is in doubt as to the claim." *Ribaya v. Bd. of Trustees of City Pension Fund for Firefighters & Police Officers in City of Tampa*, 162 So. 3d 348, 352 (Fla. 2d DCA 2015); *see also X Corp. v. Y Person*, 622 So. 2d 1098, 1101 (Fla. 2d DCA 1993). Appellant never alleged that he was in doubt as to his rights under section 944.17(5). Absent a showing of at least a colorable right which would be affected by the requested declaration, dismissal is required. "The relief sought should not merely be legal advice by the courts or to give an answer to satisfy curiosity." *Bryant v. Gray*, 70 So. 2d 581, 584 (Fla. 1954); *see also Register v. Pierce*, 530 So. 2d 990, 993 (Fla. 1st DCA 1988).

Even if Appellant had alleged the requisite doubt, the case law holding that the statute does not implicate any rights of prisoners, either to enforce the statute or challenge the legality of their detention, removes any doubt. *See Edwards v. Crews*, 124 So. 3d 422 (Fla. 1st DCA 2013); *Sykes v. State*, 31 So. 3d 846 (Fla. 1st DCA 2010). Therefore, even if Appellant was entitled to a declaratory judgment, it would not have any impact on his commitment to the custody of the Department. The order dismissing the amended complaint is therefore AFFIRMED.

LEWIS, BILBREY, and M.K. THOMAS, JJ., concur.

———————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

———————————————

Frederick Webster, pro se, Appellant.

Beverly Brewster, Assistant General Counsel, Department of Corrections, Tallahassee, for Appellee.